## GRESS LUMBER COMPANY *v.* COODY.

1. Under the evidence submitted, the court did not err in allowing the clerk to amend the date of the entry of filing upon the plaintiff's declaration.
2. The court having permitted witnesses to testify to all the facts within their knowledge tending to show that the plaintiff knew of the existence of a certain deed, it was not error to refuse to allow these witnesses to state their own conclusions or impressions as to what the plaintiff knew or must have known with reference to the deed in question.
3. An ordinary, being a judge of a court of record, may, under section 2706 of the code, officially attest a deed in any county of this State.
4. The deed under which the plaintiff claimed title having been recorded within the time prescribed by the then existing law, there was no error in failing or refusing to charge upon a hypothesis that it had not been so recorded.

5. The controlling issue in the case being as to whether or not the plaintiff bought certain land with actual notice of a prior existing deed conveying the timber thereon to the defendant, it will, in the absence of any exception alleging that the judge did not properly instruct the jury upon this issue, be presumed that he did so.

6. No ruling of the trial judge was invoked as to the alleged improper conduct of counsel; the evidence warranted the verdict, and there was no error in denying a new trial.

Argued November 30,—Decided December 7, 1896.

Action of trespass.    Before Judge Smith.    Wilcox superior court.    March term, 1896.

*DeLacy & Bishop*, for plaintiff in error.

SIMMONS, Chief Justice.

It appears from the record, that in 1881 Dunn, who was the owner of land lot 128 in Dodge county, conveyed the timber on the tract to Griffin. In 1883 the same grantor conveyed the land to Coody, no reservation as to the timber being made in the deed. In 1885 the Gress Lumber Company, which claimed under the conveyance to Griffin, commenced cutting timber from the land, and in July, 1886, Coody brought suit against the Gress Lumber Company in the superior court of Dodge county, to recover for the timber which had been cut by the defendant. The plaintiff subsequently dismissed the suit, and filed in the superior court of Wilcox county a new suit with the same allegations. There was a verdict for the plaintiff for $510, and the defendant made a motion for a new trial, which was overruled, and it excepted.

1. The suit in Dodge superior court was dismissed on August 20, 1891, and the clerk's entry of filing upon the petition in the present suit was dated February 29, 1892. If this entry was correct, the case was barred by the statute of limitations, the suit having been instituted more than six months after the dismissal of the original action and after the expiration of the period allowed for bringing suit upon the cause of action. Counsel for the plaintiff under-

took to show, however, that the entry was incorrect, and that the petition was filed on February 9th, 1892, which would make it in time; and a motion was made to allow the clerk to make the proper entry *nunc pro tunc*. The court, over the objection of the defendant, heard evidence as to the time of filing, and allowed the entry to be made; and to this the defendant excepted. We think the court had a right to entertain such a motion and allow the entry corrected so as to conform to the truth; and the evidence submitted warranted the court in allowing the entry to be made.

2. Complaint is made that the court erred in ruling out testimony to the effect that Coody knew he was buying the land without the timber. The court was right in ruling out this testimony. The witnesses were allowed to testify fully as to Coody's knowledge of the prior conveyance of the timber; so that in so far as the testimony ruled out would have tended to show such knowledge, it could have added nothing to what the witnesses had already testified on this point; and the deed itself was the best evidence as to what he actually bought, and could not be qualified or contradicted in this manner.

3. The deed to Coody appears to have been executed in September, 1883, and to have been recorded in the following October. The deed was headed "Dodge county, Georgia," and was attested by two witnesses, one of whom was the ordinary of Pulaski county, who attested it as such. In 1894 the deed was probated in Pulaski county before a notary public of that county, an affidavit to its execution being made by the witness who had attested it as ordinary, and it was again recorded in Dodge county. The deed was objected to when offered in evidence, on the ground that it did not appear to have been properly recorded, either at the time it was first admitted to record or when subsequently recorded. It was argued that it was improperly recorded the first time, because it appears to have been executed in

Dodge county, and the attesting officer was not an officer of that county, but was an officer of Pulaski county.        Under section 2706 of the code, a judge of a court of record may attest a deed in any county of this State.        That section declares that "if executed in this State it must be attested by a judge of a court of record of this State, or a justice of the peace, or notary public, or clerk of the superior court in the county in which the *"three last mentioned* officers, respectively, hold their appointments," etc.        It will be seen, therefore, that while the statute requires that a deed, when attested by one of the three last mentioned officers (namely, a justice of the peace, or a notary public, or a clerk of the superior court), shall be attested in the county in which such officer holds his appointment, it expressly excepts from this requirement an attestation by a judge of a court of record.        This section of the code, as was held in *Kennedy v. McCardel*, 88 *Ga.* 454, changes the law as it stood prior to the code, the whole subject having been fully considered by the codifiers, and it being manifestly their intention to revise and alter the existing law.        The ordinary being a judge of a court of record, his attestation of the deed in question was sufficient to entitle it to go to record, even though it may have been attested by him out of his own county.        Moreover, it appears from evidence outside of the deed itself that it was in fact attested in Pulaski county, and not in Dodge, as would appear from the heading of the deed.

4. It is complained that the court erred in not charging the jury as to the effect of failure to record in twelve months, where neither the deed under which the plaintiff claimed, nor the deed under which the defendant claimed, was recorded within that time, and that the effect would be to postpone the second deed to the first, although the second deed may have been first recorded.        As we have already shown, it appeared that the deed to the plaintiff was properly recorded and within the time then required by law;

and this being so, there was no error in not charging upon the hypothesis that it had not been recorded.

5. The controlling issue in the case was whether or not the plaintiff, when he bought the land, had actual notice of the deed to Griffin. Upon this point the evidence was conflicting. The plaintiff himself testified positively that he had no such notice; that he knew nothing whatever of the prior deed and had no information on the subject. The jury accepted his version of the matter; and it is to be presumed that the court properly instructed them upon this issue, there being no exception to the charge. The charge itself was not sent up in the record.

6. Complaint is made of improper remarks of counsel for the plaintiff in his address to the jury, but it appears that no ruling of the trial judge was invoked thereon at the trial. So that the remarks complained of afford no ground for a reversal of the court below. (See *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500.) The evidence warranted the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.*