## ALBRITTON *v.* TYGART.

ATKINSON, J.  1. On August 3, 1906, a creditor obtained an attachment against his debtor, returnable to the September term of court. At the trial, during an adjourned session of the September term, 1908, the defendant made an oral motion to dismiss the case, on the ground that the declaration in attachment was not filed at the first term, and moved to be allowed to introduce evidence to support the ground of the motion. The declaration on file purported to have been filed by the clerk at the first term. The plaintiff objected to the motion of the defendant, on the ground that the declaration showed upon its face and over the signature of the clerk that it had been filed at the first term, and before the defendant could attack the entry of the clerk it would be necessary to traverse it in writing and give notice thereof to the plaintiff or his counsel. The court overruled the objection, and, without requiring a written traverse of the clerk's entry, allowed the defendant to introduce evidence to impeach it. The plaintiff "excepted," and assigned the ruling "as error." After evidence was introduced by both parties the judge granted an order dismissing the case. The plaintiff excepted also to this order, and assigned error on the ground that it was contrary to law and against the weight of the evidence. *Held:*

(*a*) The assignment of error upon the intermediate ruling which allowed the introduction of evidence to impeach the entry of filing by the clerk, without a formal traverse, was sufficient, and it was not cause for dismissal of the bill of exceptions that the assignment of error upon the ruling ordering the dismissal of the case was not more specific. *Lyndon v. Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1048).

(b) As the declaration on the files of the court contained an entry of filing purporting to be signed by the clerk, the entry was presumably true. Before extraneous evidence could be received to impeach it, the record should show a formal traverse in writing, denying its truth. Civil Code, § 4988; *Maund* v. *Keating*, 55 *Ga.* 396; *Saffold* v. *Foster*, 74 *Ga.* 751.

2. The motion to dismiss the bill of exceptions, based on the ground "that the Court of Appeals has no authority to transfer the case to the Supreme Court," can not prevail. The record discloses that in certifying the bill of exceptions the judge directed the clerk to transmit it and the record in the case to the Court of Appeals. An order was passed by the Court of Appeals, reciting that the case was one of which that court did not have jurisdiction, and directed the clerk to dismiss it from the files and to transmit the bill of exceptions to the Supreme Court, together with a copy of the order, which was done. It appears from an examination of the record that the Supreme Court has exclusive jurisdiction of the case.

(a) We are requested to review and overrule the cases of *Dawson* v. *State*, 130 *Ga.* 127 (60 S. E. 315), and *Mitchell* v. *Masury*, 132 *Ga.* 360 (64 S. E. 275), in so far as it is held that the Supreme Court will consider a bill of exceptions received by it in the manner indicated in the preceding note; but we decline to do so. The cases above mentioned have since been followed in the cases of *Jones* v. *Williams*, 132 *Ga.* 782; *Bland* v. *Bird*, 134 *Ga.* 74 (67 S. E. 427).

3. The motion made in the Supreme Court "to amend the record" was an effort to vary the original bill of exceptions by substituting a "corrected brief of evidence," certified by the judge and consented to by counsel, to be considered in lieu of that contained in the original bill of exceptions. Several months had elapsed after the filing and service of the original bill of exceptions. The motion must be overruled and the case decided according to the recitals in the bill of exceptions. In this connection see *Jackson* v. *Georgia, Southern & Florida Ry. Co.*, 132 *Ga.* 127 (63 S. E. 841). *Judgment reversed. All the Justices concur.*

MAY 11, 1910.

Attachment. Before Judge Mitchell. Berrien superior court. January 14, 1909.

*J. W. Powell* and *W. G. Harrison*, for plaintiff.

*Hendricks & Christian*, for defendant.