## FURR *v.* BANK OF FAIRMOUNT.

EVANS, P. J.  1. Where a sheriff served a rule nisi to foreclose a mortgage on realty in proper time, but inadvertently dated his return so as to make it appear that the service was made in the future and at a time subsequent to the term at which the rule absolute was granted, and the rule absolute recites service of the rule nisi according to law, such return is thereafter amendable by the sheriff, who is in office, without order of court, so as to make the return show the true date of the service.  *Manley* v. *McKenzie,* 128 *Ga.* 348 (57 S. E. 705) ; *Thornton* v. *Hitchcock,* ante, 749 (78 S. E. 179).

2. Where a petition was filed to foreclose a mortgage on realty, addressed to the superior court of Murray county, and a rule nisi was issued thereon, bearing the caption of Murray county, and was duly served, and at the return term a rule absolute was granted by the court and duly entered upon the minutes of the superior court of Murray county, such judgment absolute is not invalid because at the head of the paper on which it is written and before the statement of the case appear the words "Georgia, Bartow County."

3. In ·the foreclosure of a mortgage on realty to secure the debt of the mortgagor and also that of a partnership of which he is a member, it is proper to enter up a special judgment against the mortgagor, to be made out of the mortgaged property for the full amount of the secured debts.

4. It is no ground to enjoin the ·orderly progress of a mortgage fi.` fa., at the instance of the mortgagor, that some of the land which is included in the mortgage was not his individual property, but that of a partnership of which he was a member.

5. A motion to award damages on the ground that the case was brought to this court for delay only must be denied; the judgment to which exception is taken being the refusal of an interlocutory injunction, and not a money judgment.  *Pittsburg-Bartow Minmg & Mfg. Co.* v. *Washington Trust Co.,* 137 *Ga.* 232 (73 S. E. 367).

> *Judgment affirmed.  All the Justices concur.*
> APRIL 18, 1913.

Petition for injunction.  Before Judge Fite.  Murray superior court.  November 23, 1912.

*W. E. Mann,* for plaintiff.

*W. T. Townsend* and *J. M. Neel,* for defendant.