### LEE *et al.* v. STATE *et al.*

No. 6812.   Opinion Filed July 13, 1915.

(150 Pac. 665.)

PROCESS — Service — Return — Amendment.   Where a summons is served, but the officer in making the return inadvertently omitted the date on which it was served, such return may afterwards be amended by leave of court to show the date of service.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

·· Action by the State against Ollie Murphy and others. Judgment for plaintiff, and defendants E. L. Holland and another bring error. Affirmed.

*Hayes & McIntosh, Brett & Billups,* and *Massingale & Duff,* for plaintiffs in error.

*A. R. Ash,* Co. Atty. of Washita County, and *A. M. Beets,* Ass't Co. Atty., for the State.

SHARP, J. This is an action on an appearance bond, given by the defendant Murphy as principal and the other defendants as sureties. Summons was issued out of the district court of Washita county, and sent to the sheriff of Bryan county to be there served upon defendants Lee and Holland, which summons was afterwards returned to the clerk of the district court of Washita county, with the sheriff's return thereon, showing due and legal service, but not the date thereof. The clerk of the district court, noticing the defect in the return, brought it to the attention of the county attorney, who, after talking over the telephone with the sheriff of Bryan county and securing his authority, inserted the proper dates in the return. Thereafter defendants Lee and Holland filed a motion to quash the service of the summons, for the reason that it was "not issued, served, and returned in the manner as provided by law," which motion being overruled, they filed an answer, denying generally the allegations of the petition. Subsequently the sheriff of Bryan county filed an application to amend the return of the service of summons by attaching thereto the affidavit of W. E. Zion, deputy sheriff of Bryan county, who served the summons, and said application was by the court sustained, and affidavit attached to said return. Trial was had before the court, resulting in a judgment in favor of plaintiff, and defendants Lee and Holland appeal.

The single question presented for determination is the authority of the court to permit the return of service of summons to be amended so as to show the date upon which it was served. It is immaterial whether the county attorney may have irregularly amended the return, for, as

above noted, it appears that upon application afterwards duly made to the court by the sheriff of Bryan county the amendment was made by attaching to the return the affidavit of the officer making the service.

In *First Nat. Bank of Mill Creek v. Ellis,* 27 Okla. 699, 114 Pac. 620, Ann. Cas. 1912C, 687, the return of the summons was signed by the deputy sheriff, instead of in the name of the sheriff. It was contended that the mistake or omission invalidated the summons, but this court said:

"The statute specifies no form for the return on a summons, and the decisions of the courts do not present a harmonious front on this proposition, some of the courts holding that the return is void and no evidence whatsoever of service, while others hold that such a return is valid; but all agree that it is subject to amendment, and, notwithstanding the fact that the original return is made in the name of the deputy, still, when the sufficiency thereof is challenged, that he may then supply by amendment the name of his principal."

It was not urged, either in the trial below or here, that the service was not in fact had on the defendants Lee and Holland. They were given due and legal notice of the proceedings pending against them, and the court thereby acquired jurisdiction over them. They will not be permitted to evade the judgment of the court because of the fact that the summons, when returned, did not show the date on which it was served, where subsequently amended by the authority of the trial court so as to show the date served. *Linder v. Crawford,* 95 Ill. App. 183; *O'Hara v. Independence Lbr., etc., Co.,* 42 La. Ann. 226, 7 South. 533; *Foster v. Crawford,* 57 S. C. 551, 36 S. E. 5; *Furr v. Bank of Fairmount,* 139 Ga. 815, 78 S. E. 181. See, also, *Payne et al. v. Long-Bell Lbr. Co.,* 9 Okla. 683, 60 Pac. 235; *Osborne & Co. v. Hughey et al.,* 14 Okla. 29, 76 Pac. 146.

The judgment is affirmed.

All the Justices concur.