# FORDHAM v. THE STATE.

1. The fact that an attorney at law instituted a number of suits in favor of the holders of certain promissory notes, to whom the notes had been transferred by a bank as collateral security, against the makers of the notes and the bank, in which it was alleged that the bank was insolvent, did not disqualify the attorney, after severance of his relation with the case and subsequent elevation to the bench, from presiding as judge at

the trial of an officer of the bank indicted under the Penal Code, § 204, charging that the bank had become insolvent while defendant was such officer.

2. A motion for a continuance is addressed to the sound legal discretion of the court, and his judgment overruling the motion will not be disturbed unless it appears that there was a manifest abuse of his discretion. Under the evidence submitted in support of the motion to continue, there was no abuse of discretion in refusing the motion. *Leathers* v. *Leathers*, 132 *Ga.* 211 (63 S. E. 1118); *Carter* v. *Pitts*, 125 *Ga.* 792 (54 S. E. 695); *Dale* v. *Beasley*, 141 *Ga.* 594 (81 S. E. 849).

3. On the trial of a case of the character mentioned in the first headnote, a juror who is related within the prohibited degrees to a stockholder or depositor in the insolvent bank is disqualified. Penal Code, § 999, par. 4; *Bank of the University* v. *Tuck*, 107 *Ga.* 211 (33 S. E. 70); *McElhannon* v. *State*, 99 *Ga.* 672 (33 S. E. 501); *Moore* v. *Farmers etc. Ins. Co.*, 107 *Ga.* 199 (33 S. E. 65); *Lyens* v. *State*, 133 *Ga.* 587, 600 (66 S. E. 792).

4. Section 204 of the Penal Code of 1910, which declares that "Every insolvency of a chartered bank, or refusal or failure to redeem its bills on demand, either with specie or current bank-bills passing at par value, shall be deemed fraudulent, and the president and directors shall be severally punished by imprisonment and labor in the penitentiary for not less than one year nor longer than ten years: Provided, that the defendant may repel the presumption of fraud, by showing that the affairs of the bank have been fairly and legally administered, and generally with the same care and diligence that agents, receiving a commission for their services, are required and bound by law to observe; and upon such showing the jury shall acquit the prisoner," is not violative of the 14th amendment to the constitution of the United States on the ground that it denies to persons indicted thereunder due process of law or equal protection of the law. *Griffin* v. *State*, 142 *Ga.* 636 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80).

(a) The decision of McFarland *v.* American Sugar Refining Co., 241 U. S. 79 (36 Sup. Ct. 498, 60 L. ed. 899), dealt with a statute which was construed differently from the construction placed upon Penal Code § 204 by this court in *Griffin* v. *State*, supra; and while, on the construction placed upon the different statutes, the results were not the same, there was no conflict of principle in the rulings in the two cases.

(b) There was no error in overruling the demurrer to the indictment.

5. The grounds of the motion for new trial, relating to rulings upon admissibility of evidence, to the charge of the court other than that dealt with in the note next following, and to the refusal to charge, in so far as they were sufficient to present any question for decision, show no cause for reversal.

6. The capital stock of a bank issued and paid for is not a liability that should be included and taken into account in determining the question of solvency or insolvency of the bank, on the trial of one of its officers indicted under the Penal Code, § 204.

No. 941. FEBRUARY 13, 1919.

Indictment for fraudulent bank insolvency. Before Judge Crum. Wheeler superior court. October 20, 1918.

*James K. Hines* and *W. W. Bennett,* for plaintiff in error.

*S. D. Dell, solicitor-general pro tem.,* contra.

ATKINSON, J. 1–5. The rulings announced in the first five headnotes do not require elaboration.

6. The indictment charged that the bank did "become fraudulently insolvent," while the defendant was an officer thereof; and a material question was whether the bank was insolvent within the meaning of the Penal Code, § 204, quoted in the fourth headnote. The judge charged: "The stock of a bank issued and paid for is a liability that should be included and taken into account in determining the question of solvency or insolvency." Error was assigned upon this charge, on the ground that it did not state the law. A similar charge was involved in *Spence* v. *State,* 20 *Ga. App.* 61 (92 S. E. 555). The majority ruled that the assignment of error based on the ground of the motion for new trial complaining of the charge had been abandoned, and did not rule upon the question. Judge George filed a specially concurring opinion, holding that the assignment of error was not abandoned, and stating reasons why the charge was erroneous. In the course of his opinion it was said: "Does this charge lay down a correct test by which the solvency of a chartered bank is to be determined? Is a bank solvent only when its assets are sufficient to pay not only its creditors, including depositors, but its stockholders as well? If this rigid test is to be applied, every bank, immediately upon its organization, will be found to be insolvent. Furniture and fixtures and general supplies must be purchased by every bank commencing business. A newly organized bank would hardly, in any case, be able to dispose of its furniture and fixtures, to say nothing of its general supplies, at cost. The officers and directors of a bank usually own a large part of its capital stock. It is stretching the law too far to say that bank officers and directors owning a large percentage of the stock of the bank become criminals the moment its assets fall below its liabilities, including the liability of the bank upon the stock held by such officers and directors. The individual stockholders and the corporation are not one and the same, it is true; but if the officers of a bank who own practically its entire capital stock are able to pay, out of its assets, all creditors of the bank, they ought neither to be presumed nor held guilty of the offense declared in section 204 if the assets of the bank are insufficient to pay the stockholders, including themselves. If, on

account of the fraudulent acts of the officials, the assets of the bank are insufficient to pay the general creditors of the bank, including the depositors, such officials are criminally liable. If, through the criminal conduct of the officers and directors of the bank, its capital stock is impaired, the stockholder has his recourse against such officials under other sections of our Penal Code. The capital stock, it is true, is both an asset and a liability upon the civil side of the law, but to regard the stock as a liability in determining the solvency of a bank under the Penal Code section referred to is, in the opinion of the writer, untenable. No consideration of public policy requires such a construction of this section of the code. The stockholders in a banking corporation become such for pecuniary gain to themselves. In no other corporation are stockholders, by any section of the code, given the benefit which the charge of the trial court in this case affords the holders and owners of bank stock. Sound public policy will protect the owner of bank stock no further than the owner of any other corporate stock. He must look for his protection to the embezzlement statutes and other statutes enacted for his benefit, and to the honesty of the officials of his own choosing. Further, an individual is not considered insolvent so long as he is able to pay his creditors. A corporation should not be considered insolvent so long as the corporation is able to pay out of its assets, including its original capital stock, all of its creditors. The stockholder is in no proper sense a creditor of the bank." There might be elaboration; but the reasoning there stated sufficiently shows that the liability of a bank to its stockholders on shares of stock fully paid for should not be taken into account as a debt of the bank in ascertaining its insolvency within the meaning of the statute, which is highly penal and is to be strictly construed.

*Judgment reversed. All the Justices concur.*