### 15616.  BROWN v. JOHNSON-BROWN COMPANY.

JENKINS, P. J.  1.  "The mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, whereby amendment justice may be promoted."  Civil Code (1910), § 5709. Where, by an inadvertent clerical error, the date of filing in the superior court of the answer of the trial judge to a writ of certiorari was incorrectly written by the trial judge and signed by the clerk of the superior court, the entry of filing could be corrected so as to speak the

truth, and the testimony of the trial judge and of the clerk of the superior court, appearing voluntarily, was admissible to show the uncontroverted facts, without the filing of a traverse to the clerk's entry of filing. *Gress Lumber Co.* v. *Coody*, 99 *Ga.* 775 (1), 776 (27 S. E. 169) ;. *Furr* v. *Bank of Fairmount*, 139 *Ga.* 815 (78 S. E. 181) ; *McDaniel* v. *Columbus Fertilizer Co.*, 109 *Ga.* 284 (34 S. E. 598).

2. Where the owner of a crop of peaches made with another a written agreement, providing: "I agree to let you sell my entire peach crop, consisting of approximately about eight (8) cars of Carmen, and about thirty (30) cars of Hileys, and about fifteen cars of Georgia Belles, and about eighteen cars of Elbertas. I agree to pay you five cents per crate for sales made f. o. b. loading point, and you agree to sell f. o. b. loading point"—the contract was one not of sale, but of agency, and clothed the agent with implied authority to do whatever was proper, usual, and necessary, according to the nature and needs of the particular business as gathered from the agreement and surrounding circumstances of the transaction or from the established usages and customs of the trade, in selling the described fruit at the loading point from which it was to be shipped. 2 Corpus Juris, 576, 592, 595.

3. An express warranty made by an agent authorized to sell will bind his principal, where it is no more than what the law itself would imply, such as that the property is merchantable and reasonably suited to the use intended (*Huguley* v. *Morris*, 65 *Ga.* 667, 672; 2 C. J. 601), or where the warranty is only such as is usual under the established usages and customs of the trade, or where it is one which must be taken as reasonably necessary and incident to a proper carrying out of the purposes of the agency. *Wise* v. *Mohawk Rubber Co.*, 23 *Ga. App.* 255 (98 S. E. 100) ; 2 C. J. 595. See also *Turner Bros.* v. *Clarke*, 143 *Ga.* 44 (2), 45 (84 S. E. 116) ; *Turner* v. *Manley*, 14 *Ga. App.* 215 (2) (80 S. E. 680) ; *Echols* v. *Howard*, 17 *Ga. App.* 49 (86 S. E. 91), where these rules were specifically applied to warranties by agents as to the soundness of animals in sales and trades of live stock.

4. Where the agent in the instant case, authorized to sell by the agreement quoted in paragraph 2 above, expressly warranted to purchasers of five cars of "Hiley" peaches that they were "well colored, full baskets, standard carriers, cushion covers, peaches large size," under the preceding rules the principal will be held bound by such warranty, where the nature of the agreement and transaction indicate that such warranty was necessary and proper in making particular sales from the "entire crop;" the right to warrant proper packing, to segregate superior from inferior fruit, and to warrant such superiority, in making particular sales being necessarily implied in the authority given, which gave the right to sell the "entire peach crop," without fixing any specific selling price or prices. The rule might possibly be otherwise as to the right of separation and of express warranty as to superior qualities, had the contract fixed a flat selling price or prices on the merchantable crop as it ran as a whole, unless there were proof as to the custom of the trade to make such warranties, or as to the consent or ratification thereof by the principal.

5. The city court having erroneously entered a judgment of nonsuit, the superior court properly sustained the certiorari and granted a new

trial "upon the ground that the issues involved should have been submitted to the jury."

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
>
> DECIDED FEBRUARY 11, 1925.

Certiorari; from Houston superior court—Judge Malcolm D. Jones. April 9, 1924.

*Jones, Park & Johnston, A. K. Lamar,* for plaintiff in error.

*Powers & Powers,* contra.