18593, 18652. SCHERMERHORN, administratrix, *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT; and *vice versa*.

JENKINS, P. J. 1. An entry made by the sheriff or any officer of a court having jurisdiction of the defendant and of the subject-matter of the suit is prima facie conclusive as to all facts properly recited therein (*McKnight* v. *Wilson*, 158 *Ga.* 153, 161, 122 S. E. 702), but such an entry "may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits." Civil

Code (1910), § 5566. According to the provisions of this section of the code, in order to traverse an entry of filing of a petition as signed by the clerk, if such traverse is made after the first term, and after the filing of the plea, the defendant must show that he files his traverse at the first term after notice is had by him of the facts forming the basis of the traverse. *Griffith* v. *Shipp*, 49 *Ga.* 231 (2); *Elder* v. *Cozart*, 59 *Ga.* 200, 201; *Sanford* v. *Bates*, 99 *Ga.* 145 (25 S. E. 35); *Albritton* v. *Tygart*, 134 *Ga.* 485 (68 S. E. 79); *Turpie* v. *Cox*, 18 *Ga. App.* 424 (89 S. E. 492).

2. The principle set forth above is not to be confused with the right of an officer himself to *amend* his official entries and returns so as to make them conform to the facts of the case as they were at the time such entry or return was made. Civil Code (1910), § 5700. Accordingly, as is provided by section 5709, "the mistake or misprision of a clerk or other ministerial officer shall in no case work to the injury of a party, where by *amendment* justice may be promoted," and it is the duty of the court to permit such officer, on or without motion of parties, to make such a voluntary entry nunc pro tunc. *Gress Lumber Co.* v. *Coody*, 99 *Ga.* 775, 776 (27 S. E. 169); *Furr* v. *Bank of Fairmount*, 139 *Ga.* 815 (78 S. E. 181); *Brown* v. *Johnson-Brown Co.*, 33 *Ga. App.* 419 (126 S. E. 550). Where a party resorts to a traverse in order to annul the terms and effect of an official entry, the relief obtained results from a judgment of court fixing and declaring the truth as to the controverted facts; whereas the altering by the official in amending his own entry or return results, not from any compulsion of a judgment establishing the fact, but from the voluntary act of the official himself.

3. In the instant case it does not appear that the clerk undertook to alter his return by voluntary amendment, but on the contrary it appears that the defendant, by its traverse, challenged the truth of the entry as made, and, after having made the clerk a party to its traverse, undertook to establish, by a judgment of the court, the truth of the controverted issue. This the court was without power to do except upon the hearing of a traverse filed in conformity with the requirements of law. Accordingly, the court erred in overruling the first ground of the demurrer to the traverse, which set forth that the belated traverse did not show that it was filed at the first term after notice was had of the facts forming the grounds thereof; and the court erred in thereafter granting a nonsuit upon the theory that it had been legally shown that the suit was not filed within the time prescribed by the insurance contract.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Stephens and Bell, JJ., concur.*

DECIDED JULY 27, 1928. REHEARING DENIED SEPTEMBER 1, 1928.

*W. C. Little, L. C. Harrell, Hal Lawson,* for plaintiff.
*Smith, Hammond & Smith, W. S. Mann,* for defendant.