21765. BAXTER, administrator, *v.* CRANDALL.

JENKINS, P. J. 1. "No suitor is entitled to prosecute two actions in the courts of this State at the same time, for the same cause, and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times." Civil Code (1910), § 4331; *Hood* v. *Cooledge*, 39 *Ga. App.* 476 (147 S. E. 426).

2. The time of commencement of a suit is the date of filing as entered upon the petition by the clerk, where such filing is followed up by appropriate

service. Civil Code (1910), § 5551; *Sweat* v. *Barnhill,* 171 *Ga.* 294 (6), 296 (155 S. E. 18).

3. An entry made by the sheriff or any officer of a court having jurisdiction of the defendant and of the subject-matter of the suit is prima facie conclusive as to all facts properly recited therein, but such an entry "may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits." Civil Code (1910), § 5566; *McKnight* v. *Wilson,* 158 *Ga.* 153, 161 (122 S. E. 702); *Schermerhorn* v. *National Fire Insurance Co.,* 38 *Ga. App.* 470 (144 S. E. 395).

4. In the instant suit on promissory notes, where the defendant pleaded in abatement the pendency of another suit between the same parties and upon the same cause of action, in the superior court of another county, and where it appeared, from the agreed statements of facts upon which the plea in abatement was submitted to the trial judge, that such a suit had been filed in another county, and that the sheriff of the other county had made a return thereon, reciting service upon the defendant by leaving a copy of the petition and process at her most notorious place of abode, which entry of service had been traversed by the defendant, not as insufficient in law, but on the ground that it did not speak the truth (*McDuffie Oil & Fertilizer Co.* v. *Iler,* 28 *Ga. App.* 734 (2) (113 S. E. 52), but no further action had been taken in the case, the court properly sustained the plea in abatement. Since the return of the officer reciting service of the suit in the other county was prima facie conclusive of the facts therein recited, the pendency of the undetermined and undisposed-of traverse did not operate to destroy the status of the action in the other county as a pending suit. This is true even though the traverse recited that the service was made by leaving the copy of the petition at a boarding house at which the defendant had once boarded, and that prior to such action by the sheriff the defendant had left the boarding house to live in another State, since the agreed statement of facts does not go to the extent of stipulating that the defendant did not live in the other county when the suit was filed, and therefore does not show a lack of jurisdiction in the superior court of the county in which the former suit was filed, but merely recites the pendency of the undisposed-of traverse to the return of the officer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MARCH 17, 1932.

*R. L. Williams Jr., Park & Strozier,* for plaintiff.

*Brock, Sparks & Russell,* for defendant.