POPE *et al.* *v.* UNITED STATES FIDELITY & GUARANTY COMPANY.

70

No. 15226.   September 7, 1945.   Rehearing denied
October 5, 1945, November 19, 1945.

74

C. C. Crockett and L. F. Watson, for plaintiffs in error.
Nelson & Nelson, contra.

DUCKWORTH, Justice. (After stating the foregoing facts.)
■ The testimony upon which the defendants rely as making an issue for the jury as to whether or not the entry of levy by the sheriff was entered on the execution docket No. 22, page 271, and a cross-reference made on the execution docket No. 19, page 225, before May 26, 1941, at which time the judgment here involved would become dormant, has not been set forth in the foregoing statement of facts, for the reason that in our opinion it is immaterial to a consideration of the question of dormancy. There is no dispute that the dockets contained the entries hereinbefore set forth. These books are in their essence public records. The clerk is under a duty to keep them and to record such entries therein. Code, § 24-2714 (5). In making such entries with the dates shown, he is presumed as a public officer to faithfully and accurately perform the duties devolving upon him by law. See Grannis v. Irvin, 39 Ga. 22; Bedgood v. McLain, 94 Ga. 283 (2) (21 S. E. 529); Greer v. Ferguson, 104 Ga. 552 (30 S. E. 943); Durrence v. Northern Nat. Bank, 117 Ga. 385, 388 (43 S. E. 726); Connolly v. Atlantic Contracting Co., 120 Ga. 213 (2) (47 S. E. 575); Davis v. Baldwin, 185 Ga. 40, 41 (193 S. E. 892); Hogg v. Rome, 189 Ga. 298, 302 (6 S. E. 2d, 48). Being public records, these dockets are to be taken as speaking the truth and as justifying an examiner to rely on their contents, as otherwise he might be misled to his injury and damage. Since they show the entries in respect to the levy by the sheriff to have been made on May 22, 1941, when introduced in evidence they must be accepted

as containing entries made at a time when the judgment had not become dormant, and not as containing entries made after the date which appears on the docket. We think that these execution dockets come within the rule stated in 20 Am. Jur. 1017, § 1164, that "what ought to be of record must be proved by the record. The record cannot be contradicted or enlarged by parol evidence. The necessary presumption arising from a record cannot be contradicted by parol evidence any more than the express words of the record itself." The rule is stated in 53 C. J. 622, § 37: "Every public record is presumed to be correct, and cannot be collaterally attacked. An investigator may rely on the truth of specific recitals contained in a public record; and one relying upon public records is protected not only by the natural equities of his position, but also by the special equities arising from the protection afforded every one who relies upon the records. It will also be presumed that the recording officer properly discharged his duty with regard to the making of the record, and that the record was made from the original document." Compare *Albritton* v. *Tygart,* 134 *Ga.* 485 (68 S. E. 79); *Swift* v. *Swift,* 191 *Ga.* 129 (11 S. E. 2d, 660); *Schermerhorn* v. *National Fire Ins. Co.,* 38 *Ga. App.* 470 (144 S. E. 395); *Brinson* v. *Georgia Railroad Bank &c. Co.,* 45 *Ga. App.* 459 (165 S. E. 321).

It does not follow, however, that, if in fact an entry be falsely made in a public record, it must always remain so. "There are certain limitations upon the doctrine that parol evidence is inadmissible to vary or contradict a record. In *direct attacks* upon these records, in the nature of equitable proceedings, evidence has been held admissible to impeach the record." 20 Am. Jur. 1019, § 1166. (Italics ours.) In the present case, the testimony upon which the defendants rely as raising a jury question and preventing the direction of a verdict was not offered under any special pleadings for the purpose of amending or altering the execution dockets upon proof of entries fraudulently or wrongfully made, but apparently was offered only to contradict generally the written record. Hence, as to such testimony we are not required to do more than to rule, as we do here, that this parol evidence under the state of the pleadings is without probative value as against the clear and unambiguous written evidence shown by the execution dockets, and that to impeach these public records it would be

first necessary to seek such relief by appropriate and timely special pleadings making a direct attack thereon, to which proceeding the clerk of the superior court, as the keeper of the records, should be made a party defendant by the defendant in execution, C. F. Pope, now a party to the present equitable proceeding. No such attack having been made, the parol evidence can not be considered, and the only competent evidence on the question of the entry of the levy by the sheriff is that manifested by the execution dockets themselves. Since the facts shown by these public records are the same as those which this court held, as the law of the case, in *Pope* v. *United States Fidelity & Guaranty Co.*, 198 *Ga.* 304, constitute a substantial compliance with the Code, § 110-1001, relating to dormancy of a judgment, it necessarily follows that the judgment in question had not become dormant, and that, as against the claims of Mrs. Pope and the intervenors, the court did not err in directing a verdict in favor of the petitioner.

■ The motion for continuance, although stating as one of the grounds that the defendant Pope, without whom counsel asserted that he could not safely go to trial, was in the army of the United States and entitled to a suspension of the case, was, properly construed, not a motion to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A., § 521) for the period of his service and sixty days thereafter, but was an ordinary motion to continue the case to another term. Counsel for the defendants so treat it. A motion for continuance is addressed to the sound discretion of the trial judge, and his judgment will not be disturbed unless it appears that there has been a manifest abuse of that discretion. *Leathers* v. *Leathers,* 132 *Ga.* 211 (63 S. E. 1118); *Hilton* v. *Haynes,* 147 *Ga.* 725 (2) (95 S. E. 220); *Fordham* v. *State,* 148 *Ga.* 758 (2) (98 S. E. 267). The affidavit as to the defendant Pope being in a government hospital and requiring hospitalization until about November 15, 1944, or about three weeks after the case was called for trial, does not conclusively appear to have been made by an attending physician, and even if so made does not state that his condition was such as not to permit his attending court in Dublin. There was no evidence showing that a request for absence from the hospital had been made and refused, or that a leave would not have been granted if requested, and there was no evidence from which it could be said

that the judge abused his discretion in refusing to grant a continuance.

■ It appearing from the evidence that the exceptions pendente lite to the order directing payment of counsel fees, receiver's fees, taxes, and court costs on account were not filed until January 11, 1945, and that the payments had in fact been made on December 21, 1944, the question raised as to the invalidity thereof is now moot, aside from any consideration whether or not the objection is to a final judgment, and whether or not necessary parties were made in the bill of exceptions, and, accordingly, no decision is necessary.    *Judgment affirmed.    All the Justices concur.*

#### ON MOTION FOR REHEARING.

DUCKWORTH, Justice.  The motion for rehearing complains that the statement of facts shows only that the motion for continuance was made on the ground that Pope was sick and unable to attend court, whereas it was also made on the ground that he was serving in the army of the United States and was entitled to a suspension or postponement of his case while on duty with the army and in particular at that time.  The statement of facts inadvertently omitted the reference to Pope being in the army, though showing that he was "on duty," and to further explain that expression the omission complained of has been supplied. However, the opinion clearly shows that the fact of his being in the army was taken into account in considering the merits of the motion for continuance, it being stated that, "The motion for continuance, though stating as one of the grounds that the defendant Pope, without whom counsel asserted that he could not safely go to trial, was in the army of the United States was, properly construed, not a motion to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A., § 521) for the period of his service and sixty days thereafter, but was an ordinary motion to continue the case to another term.  Counsel for the defendants so treat it."  We have added after the words, "in the army of the United States," the words, "and entitled to a suspension of the case."

The motion for rehearing further insists that this court ignored the pleadings in ruling that no direct attack was made upon the official records in the clerk's office, showing entries respecting the

sheriff's levy here involved; and, while admitting in the motion that no pleadings in the record here constituted such an attack, it was nevertheless contended that the clerk had failed to certify and send up the portion of the pleadings which would show such an attack. The movants nowhere suggested a diminution of the record, as was their privilege and duty to do under the Code, § 6-812; yet, if by their argument it is made to appear that portions of the record not sent up are material to enable this court to do complete justice, we would, under the Code, § 6-1403, on our own motion order the clerk to certify and send up such record. We have not done this for the reason that, if such pleadings are on file in the trial court, they of necessity as a matter of law must show that the clerk who made the records sought to be challenged is a party to this case, and if such records were to be certified and sent up under the order of this court and they revealed that the clerk was a party, then we would have no choice but to dismiss the writ of error because the bill of exceptions fails to make the clerk a party defendant therein, he being an essential party. *Swift* v. *Swift*, 191 *Ga.* 129.

The motion further contends that the portion of the record involved appearing on the original execution docket No. 19, and being a mere reference to the sheriff's levy as shown on the execution docket No. 22, is undated, and therefore the movants' evidence to show that such entry was not made in time to prevent dormancy does not contradict the record. Sufficient and conclusive answer to this contention is found in the fact that this identical record, together with that appearing on the docket No. 22, each of which refers to the other, was before this court on the last appearance of the case in *Pope* v. *United States Fidelity & Guaranty Co.*, 198 *Ga.* 304; and, after specifically discussing the significance of the two entries, this court concluded with the statement that, "We hold that what was done by the clerk in the instant case was a substantial compliance with the provisions of the Code, § 110-1101, *and was sufficient to prevent the executions in question from becoming dormant.*" (Italics ours.) That ruling became the law of the case thereafter. It means now that the two entries under attack were as a matter of law made at a time less than seven years from the record of the execution, and would prevent dormancy. The further substantial and controlling reason

why this contention of the movants can not be sustained is, that the law places around the official acts of the clerk the legal presumption that he performed his duty under the law; that hence, if the law required an entry on the docket No. 19 to be made within the seven years, it was so made; and that, in order to rebut this presumption and attack the record, it is necessary to traverse the same in a direct attack, making the clerk a party.

*Sprinz* v. *Frank,* 81 *Ga.* 162 (2) (7 S. E. 177), cited for the first time in the brief of counsel for the movants, is distinguishable on its facts, and is not authority for the contention that the parol testimony should have been treated as making an issue for the jury.