### 48298. WHITE PLAINS CARPET v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

BELL, Chief Judge. The defendants failed to answer the complaint within 30 days from the date of service and were in default. An answer was filed 15 days later on February 9, 1972. Plaintiff moved to strike the answer and for default judgment on the ground that the costs were not paid until February 10, 1972, the day after the filing of the answer. In support of its motion reliance was made upon entries made in the clerk's records that the costs were paid on the latter date. The entries were made (1) by notation on the inside of the file cover of the case; (2) in the clerk's civil costs book; and (3) in the clerk's cash receipts book. Defendants responded to the motion and submitted affidavits, one by defendants' counsel and the other by an employee of the clerk. Counsel's affidavit averred that at the time he filed the answer on February 9, 1972, he concurrently tendered his firm's check for the accrued costs which was accepted in payment by the clerk's office on his advice that the answer was filed within the 15 day period after the answer day; and that he requested the clerk that entry be made of the filing of the answer and the payment of costs. The affidavit by the employee of the clerk's office corroborates counsel's affidavit but in addition averred that the answer was marked filed and docketed on February 9, 1972, but the entry of payment of costs was not made until the following day, February 10, 1972. Subsequent to plaintiff's motion and defendants' affidavits, an entry was made on the trial court's issue docket nunc pro tunc that the accrued costs had been paid on February 9, 1972. The trial court denied the plaintiff's motion to strike the answer and for default judgment and to strike the affidavit of the employee of the clerk. *Held:*

A default may be opened as a matter of right within 15 days of the default upon the payment of costs. CPA § 55 (Code Ann. § 81A-155). The payment of costs is a mandatory condition precedent to the opening of the default. *Minnesota Mut. Life Ins.*

*Co. v. Love,* 120 Ga. App. 502 (171 SE2d 361). The affidavits submitted by the defendants proved that the accrued costs were in fact timely paid. The plaintiff contends, however, that the trial court erred in considering them on the grounds that this extrinsic evidence cannot be considered to contradict a public record on authority of *Pope v. U. S. Fidelity &c. Co.,* 200 Ga. 69 (35 SE2d 899). This case is distinguishable. It was stated in *Pope* that if in fact an entry was falsely made in a public record it must not always remain so and there are limitations upon the doctrine that extrinsic evidence is inadmissible to contradict a record. It was specifically noted in *Pope* that the evidence under consideration was not offered for the purpose of amending or correcting public records upon proof of entries erroneously made but was only offered to contradict the written record. In this case, the evidence offered by the defendants was clearly for the purpose of amending or correcting an admitted clerical mistake of an employee of the clerk of the trial court. A similar situation arose in the case of *Gress Lumber Co. v. Coody,* 99 Ga. 775 (27 SE 169). There it was held that it was proper for the trial court to allow evidence showing that the entry date of a petition was incorrectly made and to allow the clerk to make a proper entry nunc pro tunc. This case controls the issue here. While the nunc pro tunc entry made on the issue docket does not appear from the record to have been made by or on the order of the trial judge, we must presume that it was. There is a presumption of law that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown. *Grannis v. Irvin,* 39 Ga. 22. It was the duty of the court under these facts to make the record conform to the truth and to authorize the clerk to make an entry nunc pro tunc. *Schermerhorn v. National Fire Ins. Co.,* 38 Ga. App. 470 (2) (144 SE 395).

*Judgment affirmed. Deen and Quillian, JJ., concur.*

ARGUED JULY 2, 1973 — DECIDED OCTOBER 5, 1973 — REHEARING DENIED NOVEMBER 1, 1973.

*Gearinger, Bowles & Petty, H. H. Gearinger,* for appellant.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellees.