## 37206. THE STATE v. PEABODY et al.

MARSHALL, Justice.

We granted certiorari to review the decision of the Court of Appeals in *Peabody v. State,* 156 Ga. App. 853 (276 SE2d 47) (1980). In this case, the Court of Appeals has held that the trial judge in a criminal case commits per se reversible error in admitting evidence on a motion to suppress in the presence of the jury, in violation of Code Ann. § 27-313 (b) (Ga. L. 1966, pp. 567, 571).[1]

*Held:* We reverse. Judicial discretion cautions against the imposition of per se rules. The present case illustrates the wisdom of such a course.

1. Here, the trial judge announced at the commencement of the trial that he would receive evidence on the motion to suppress during the course of the trial. None of the attorneys for the respective defendants[2] raised any objections to this.[3] Therefore, they have waived the complaint that they have been denied their right to have this evidence presented outside of the jury's presence. See *Lloyd v. State,* 139 Ga. App. 625 (1) (229 SE2d 106) (1976) (holding that the defendant waives the objection that the suppression hearing is to be held outside of the presence of the jury, where counsel has expressly agreed to have the hearing held before the jury).

---

[1] .Section 27-313 (b) provides, in pertinent part, "The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion [to suppress evidence illegally seized], and the burden of proving that the search and seizure were lawful shall be on the State."

[2] There were three co-defendants at trial: Douglas Arthur Peabody (appellant), Michael Truman Peabody, and LeRoy Craig, Jr. All three defendants were convicted, but only Douglas A. Peabody and LeRoy Craig, Jr., appealed.

[3] Although appellant Peabody filed a written motion to suppress, as required by § 27-313 (b), appellant Craig did not file a written motion to suppress. Rather, Craig

To hold otherwise would allow for "sandbagging" of the trial judge; and it would also violate the general rule that a party cannot sit idly by, ignore the commission of error by the trial judge, take his chances on a favorable verdict, and then complain on appeal if the favorable verdict does not materialize.

2. In addition, the evidence authorized the trial judge in ruling that the warrantless search in the present case was legal, in that it was based on probable cause and exigent circumstances precluded the police officer from obtaining a warrant. See *Creecy v. State,* 235 Ga. 542 (2) (221 SE2d 17) (1975) and cits.[4] Therefore, the defendants cannot argue that they were prejudiced because presentation to the jury of the fruits of the search was improper.

Nor can they argue that they had to prejudice themselves in the eyes of the jury in order to establish standing to object to the claimed Fourth Amendment violation.[5] For here, the arguments of counsel on the motion to suppress were heard outside of the presence of the jury, after the jury had been excused for the day.

3. We note also that although the receipt of evidence on the motion to suppress in the presence of the jury constitutes a statutory violation, it does not rise to the level of denial of a constitutional right. See Watkins v. Sowders, —— U. S. —— (—— SC ——, 66 LE2d 549) (1981) (holding that the due process clause does not require a state trial court to conduct a hearing outside of the presence of the jury on a motion to suppress identification testimony in every case); cf., Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964). In comparison, the holding of a Jackson v. Denno hearing in the presence of the jury is violative of the due process clause. However,

---

"orally acquiesced" in Peabody's motion. On appeal to the Court of Appeals, it was, however, appellant Craig who argued that the failure to hold the suppression hearing outside of the presence of the jury was reversible error. Appellant Peabody merely argued that the trial judge erred in finding that the arrest was legal and the fruits of the search admissible.

[4] Here, the evidence shows that a Troup County Deputy Sheriff stopped a blue 1969 Lincoln Continental containing the three defendants, after receiving a radio bulletin that two black males in a large blue car had robbed an auto parts store in Hogansville. This automobile was stopped by the deputy within an hour after the robbery occurred, and it was in the area of the scene of the robbery. The car was driven by the third accomplice. It was owned by appellant Peabody, and appellant Craig was a passenger. A sawed-off shotgun was found with its butt end protruding from under the passenger seat. A revolver, as well as some cash, was also found. These are the items of evidence sought to be suppressed.

[5] In order to establish standing, one must assert either a property or possessory interest in the premises searched or the property seized. It would thus appear that appellant Craig lacks standing here, because he was apparently a mere passenger in the automobile being driven at the time of the arrest.

even the failure to hold a Jackson v. Denno hearing outside of the presence of the jury is not per se reversible error. See Pinto v. Pierce, 389 U. S. 31 (88 SC 192, 19 LE2d 31) (1967). It follows that the failure to hear evidence on a motion to suppress illegally obtained evidence outside of the presence of the jury should not be per se reversible error either.

4. It can also be said that the Court of Appeals' holding in this case is inconsistent with numerous cases applying the *Johnson v. State* nonconstitutional-error rule[6] in determining whether the improper admission of evidence is reversible. See, e.g., *Head v. State,* 246 Ga. 360 (9) (271 SE2d 452) (1980); *Drake v. State,* 245 Ga. 798 (3) (267 SE2d 237) (1980); *Herron v. State,* 155 Ga. App. 791 (2) (272 SE2d 756) (1980); *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133) (1977).

5. Finally, it is important to emphasize that we are in no way approving the practice of a trial judge's receiving evidence on the motion to suppress in the presence of the jury. It is, in short, a bad practice. But where, as here, there has been a waiver of the right to have the evidence heard outside of the presence of the jury and no harm or prejudice has occurred to the defendants because the evidence was heard in the jury's presence, reversal of the convictions is unwarranted.

We adopt the reasoning of the Court of Appeals in *Yarbrough v. State,* 151 Ga. App. 474 (2) (260 SE2d 369) (1979), that harm or prejudice must be demonstrated before a violation of § 27-313(b) can be said to give rise to reversible error. See also *Coleman v. State,* 150 Ga. App. 380 (1) (258 SE2d 12) (1979) (holding that where the trial judge commits error in holding a hearing on the motion to suppress identification testimony in the presence of the jury, the error must be harmful in order to be reversible).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MAY 13, 1981.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellant.
*R. Michael Key, Allison Davidson,* for appellees.

---

[6] In the seminal case of *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976), we adopted as the standard for determining nonconstitutional error in criminal cases whether it is "highly probable that the error did not contribute to the judgment."