74382. SAPP v. THE STATE.
(362 SE2d 406)

Carley, Judge.

Appellant was tried before a jury on an accusation which charged him with a violation of OCGA § 40-6-391 (a) (4), the per se offense of operating a moving vehicle while having 0.12 percent or more by weight of alcohol in his blood. The jury returned a verdict of guilty. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the jury verdict.

1. The general grounds are enumerated as error. The State produced evidence that a chemical analysis of appellant's breath had been conducted pursuant to OCGA § 40-6-392 (a). The results of that analysis were introduced into evidence and showed that appellant had 0.13 percent of weight of alcohol in his blood. "If there was . . . 0.12 percent or more of weight of alcohol in the person's blood, the person shall be in violation of paragraph (4) of subsection (a) of Code Section 40-6-391." OCGA § 40-6-392 (b) (4). After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the admission of evidence of his intoxicated state at the time of his arrest, such as the smell of alcohol and his speech patterns, which did not show that the weight of alcohol in his blood was 0.12 percent or more. The contention is that such evidence showed a violation of subsection (a) (1) of OCGA § 40-6-391, a wholly different manner of committing the crime of driving with impaired ability than that which was alleged in the accusation. Appellant also enumerates as error the denial of his motion for continuance, which motion had been based upon the asserted "surprise" occasioned by the trial court's admission of such evidence.

OCGA § 40-6-391 (a) establishes one crime of driving with impaired ability which may be committed in four alternative ways. Hogan v. State, 178 Ga. App. 534 (343 SE2d 770) (1986). Appellant was tried on an accusation which charged him with violating only subsection (a) (4) of OCGA § 40-6-391. Accordingly, the State could not

prove that appellant had violated OCGA § 40-6-391 (a) other than by driving while having 0.12 percent or more by weight of alcohol in his blood. " ' "To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance. . . . [Cits.]" [Cit.]' [Cits.]" *Cantrell v. State*, 162 Ga. App. 42, 43 (290 SE2d 140) (1982). "[W]henever exigencies of proof exist as to whether an offense was committed in one of two methods proscribed by a statute, the prosecution may charge the accused in separate counts of a single indictment and let the jury select which method the evidence supports. [Cits.]" *Walker v. State*, 146 Ga. App. 237, 243 (1) (246 SE2d 206) (1978).

Accordingly, circumstantial evidence of appellant's intoxication at the time of his arrest would not be admissible in this case as proof that he had violated subsection (a) (1) of OCGA § 40-6-391. Such evidence was, however, admissible as evidence of the circumstances surrounding appellant's arrest for having violated subsection (a) (4) of OCGA § 40-6-391. "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime. It follows that admission of evidence as to the conduct of appellant . . . at the time [he was] arrested was not error." *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673) (1977). It necessarily follows that the trial court did not err in denying appellant's motion for a continuance, predicated upon the alleged "surprise" that such evidence would be admissible at his trial.

3. Appellant enumerates as error the trial court's giving of jury charges on OCGA § 40-6-391 (a) (1) and on the rebuttable presumptions of OCGA § 40-6-392 (b).

Jury charges on OCGA §§ 40-6-391 (a) (1) and 40-6-392 (b) were irrelevant and unauthorized in this case. Appellant was only charged with violating OCGA § 40-6-392 (a) (4). Accordingly, "the [S]tate's case did not involve or invoke any of the presumptions available under OCGA § 40-6-392. [Cit.]" *Stewart v. State*, 176 Ga. App. 148, 149 (335 SE2d 603) (1985). Had the trial court further instructed the jury that OCGA § 40-6-391 (a) (1) and the presumptions of OCGA § 40-6-391 (b) constituted a viable alternative basis upon which to return a guilty verdict, reversible error would have been committed. See generally *Walker v. State*, supra. However, the trial court did not so charge. Instead, the jury was instructed that if it found beyond a reasonable doubt that appellant had driven "a motor vehicle . . . while under the influence of alcohol *and* that his breath test indicated that his blood contained .13 percent of alcohol . . . [it] would be authorized to find [him] guilty. . . ." (Emphasis supplied.) Thus, the trial court, in effect, charged the jury that a guilty verdict required a find-

ing that appellant had violated *both* subsections (a) (1) and (a) (4) of OCGA § 40-6-391. While this was erroneous, it was error which could only have been beneficial to appellant. A guilty verdict required only a finding that appellant had violated OCGA § 40-6-391 (a) (4). Accordingly, the trial court's charge, although erroneous, is not a ground for granting appellant a new trial.

4. Appellant enumerates as error the admission into evidence of the results of his breath test showing 0.13 percent by weight of alcohol in his blood. Appellant urges "that the admissibility of chemical test results is dependent upon the State's compliance with the rules and regulations promulgated by the Department of Public Safety" (*Rielli v. State*, 174 Ga. App. 220, 222 (3) (330 SE2d 104) (1985)), and that, the State having failed to prove compliance with those rules and regulations regarding calibration of the instrument used to conduct the test of his breath, the test results were inadmissible.

The only administrative rule and regulation regarding calibration of the instrument used to conduct breath tests is Rule 570-9-.06 (8), which provides: "The Director, State Crime Laboratory: will cause each instrument used in the administration of breath tests to be checked periodically for calibration and operation and a record of the results of all such checks to be maintained. . . ." "There is a presumption of law that a public officer has done his duty, and his official duties will be presumed to have been done rightly until the contrary is shown. [Cit.]" *White Plains Carpet v. U. S. Fidelity &c. Co.*, 130 Ga. App. 158, 159 (202 SE2d 558) (1973). Accordingly, there is a presumption in this and in all other cases arising under OCGA § 40-6-391 that the Director of the State Crime Laboratory has caused the instrument used to administer the breath test to be checked periodically for calibration. However, in this case, the State did not merely rely upon the presumption. The State produced evidence that the machine used to test appellant's breath had been calibrated "regularly" and "quite frequently." Accordingly, the contentions that the State did not show that the machine had been calibrated according to the applicable administrative rules and that the trial court erred in admitting the test results are without merit.

5. At the outset of his trial, appellant objected that the State was being represented by the District Attorney for the Middle Judicial Circuit rather than the Solicitor of the State Court of Candler County. The trial court overruled this objection on the basis that it had appointed the District Attorney to serve as solicitor pro tempore. Appellant enumerates this ruling as error.

Section 5 (b) of Ga. L. 1985, pp. 4783, 4787 provides, in relevant part: "In the absence or disqualification of the solicitor of [the State] [C]ourt [of Candler County], the judge thereof shall appoint a solicitor pro tempore, who may be an assistant district attorney of the

Middle Judicial Circuit . . . or who may be a duly qualified and practicing attorney in the State of Georgia. . . ." There is no requirement that the trial court's appointment of a solicitor pro tempore be made in writing. Compare *Cheely v. State of Ga.*, 251 Ga. 685 (1) (309 SE2d 128) (1983). However, even assuming that a written appointment were necessary, its absence would not require the reversal of appellant's conviction. " 'When the appointment is made (the appointee) is an officer de facto for any official purpose, and his acts are legal, even if there be some error in the appointment.' [Cits.]" *Mach v. State*, 109 Ga. App. 154, 156 (1a) (135 SE2d 467) (1964).

6. Appellant filed a timely pre-trial written motion wherein he sought to suppress evidence of his intoxication and to preclude the State from offering testimony in that regard. Included in appellant's motion were numerous grounds, at least one of which was assertible by way of a motion to suppress, but most of which were assertible only by way of a motion in limine. See *State v. Johnston*, 249 Ga. 413, 414 (2, 3) (291 SE2d 543) (1982). The trial court refused to hold a pre-trial hearing to determine the admissibility of the evidence as against any of the grounds raised in appellant's motion. Over appellant's objection, the trial court stated that it would deal with the admissibility of the evidence during the course of the trial. In the ensuing trial, the trial court never conducted an evidentiary hearing to consider any grounds of inadmissibility raised in appellant's pre-trial motion. Appellant enumerates as error the failure of the trial court to conduct an evidentiary hearing to determine the admissibility of evidence of his intoxication.

Appellant was clearly not entitled to a pre-trial hearing on such grounds of his motion as had alleged the State's non-compliance with either OCGA § 40-6-392 or administrative regulations concerning the administration of a blood test. Such grounds for holding evidence to be inadmissible may be raised only by way of a motion in limine. See *State v. Johnston*, supra at 414 (3). " 'The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. [Cits.]' [Cit.]" *Pierce v. State*, 173 Ga. App. 551, 552 (2) (327 SE2d 531) (1985). At the trial itself, appellant did not renew his motion for an evidentiary hearing outside the presence of the jury on such grounds of his pre-trial motion as had alleged non-compliance with OCGA § 40-6-392 or the administrative regulations concerning the administration of a blood test. Accordingly, the trial court did not err in failing to hold such a hearing to determine the admissibility of the evidence and testimony as against such contentions.

However, unlike a pre-trial motion in limine, the filing of a pre-trial motion to suppress mandates that an evidentiary hearing "shall" be held outside the presence of the jury before the contested tangible

evidence is admitted at trial. As previously indicated, appellant, in moving that the tangible evidence of his intoxication be ruled inadmissible, raised at least one ground that would be assertible by way of a motion to suppress, to wit: the lack of probable cause for his arrest. See *State v. Johnston*, supra at 414 (2). Notwithstanding the inclusion of such a ground in appellant's pre-trial motion, he was, as to that ground, never afforded a hearing outside the presence of the jury prior to the introduction into evidence of the tangible results of the chemical test of his breath. "Failure to hold this mandatory hearing was error. . . ." *Gray v. State*, 145 Ga. App. 293 (1) (243 SE2d 687) (1978). The error was preserved by appellant's objection to the trial court's ruling that the admissibility of the fruits of his arrest would be determined during the trial itself. Compare *State v. Peabody*, 247 Ga. 580 (1) (277 SE2d 668) (1981).

However, "harm or prejudice must be demonstrated before a violation of [OCGA § 17-5-30 (b)] can be said to give rise to reversible error. [Cit.]" *State v. Peabody*, supra at 582. At trial, appellant did not testify in his own defense and, had the same uncontested evidence that the State produced during its case-in-chief been produced in an evidentiary hearing held outside the presence of the jury, it would have demanded the denial of appellant's motion to suppress. See generally *State v. Golden*, 171 Ga. App. 27 (318 SE2d 693) (1984). Accordingly, if appellant was harmed by the trial court's ruling that the admissibility of the evidence of his intoxication would be determined during the trial, it was only to the extent that he was denied the opportunity to create a possible conflict in the evidence as to the existence of probable cause for his arrest without thereby waiving his right to remain silent as to the issues. As in *Stiggers v. State*, 151 Ga. App. 546, 549 (2) (260 SE2d 413) (1979), we conclude that the failure to afford appellant an evidentiary hearing on the existence of probable cause for his arrest is error which can be cured by a post-trial hearing in the trial court. Accordingly, appellant's judgment of conviction "will be affirmed with direction that the trial court conduct a hearing to consider this issue. If on the basis of evidence introduced at such hearing the trial judge concludes [appellant's arrest was without probable cause and that the motion to suppress] should be [granted], he must order a new trial. Appellant is granted leave to file a new appeal within 30 days of a trial court decision adverse to appellant on this issue if appellant contends the trial judge [erred] in his ruling." *Stiggers v. State*, supra at 550-551 (2).

*Judgment affirmed and case remanded with direction. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 15, 1987.

*Alan P. Layne, Bruce V. Durden,* for appellant.
*Richard A. Malone, District Attorney,* for appellee.