## 47375. BROWNER v. THE STATE.

EVANS, Judge. The defendant was indicted, along with two women, for the offense of attempt to commit theft by taking. He was sentenced to a term of four years in the penitentiary. The appeal is from this judgment of conviction and sentence and the denial of his motion for new trial as thereafter amended. *Held:*

The only error raised by this appeal is whether there was sufficient evidence to convict the defendant, who contends: (1) the proved facts must not only be consistent with the hypothesis of guilt, but shall exclude every other hypothesis save that of the guilt of the accused, and (2) a fatal variance exists between the allegata and probata rendering the verdict contrary to the evidence.

The case involved an attempted perpetration of a species of confidence game known as the "pigeon drop" or "flim-flam." The two women indicted approached the alleged victim on a shopping trip and attempted to induce her to hand over $200 as collateral for the right to share in the disposition of $6,000 purportedly having been found by them. The victim promptly reported the matter to the police and the women were arrested shortly thereafter in a car with the defendant. The automobile belonged to one of the women. Certain paraphernalia connected in this type of confidence game were taken out of the automobile but the only connection of this defendant to the alleged crime was that of being with these women when they were arrested. His mere presence in the automobile at the time of the arrest after the alleged attempt is totally insufficient and furnishes only a bare suspicion of his guilt. See *Corbin v. State,* 84 Ga. App. 763 (67 SE2d 478); *Moore v. State,* 93 Ga. App. 582 (92 SE2d 313); *Morris v. State,* 119 Ga. App. 157 (166 SE2d 382).

2. While there is another enumeration contending a fatal variance between the allegata and probata rendering the verdict contrary to the evidence, and that a new trial should have been granted by reason of the fact that he

should have been charged with attempted theft by deception instead of attempted theft by taking, we do not consider this case further since the reversal here may result in the defendant not coming to trial again.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*
SUBMITTED SEPTEMBER 5, 1972—DECIDED SEPTEMBER 27, 1972.

*Glenn Zell,* for appellant.
*Lewis R. Slaton, District Attorney; Joel M. Feldman,* for appellee.