## 50334. WILLIAMSON v. THE STATE.

WEBB, Judge.

This is an appeal from a conviction for the misdemeanor offense of theft by receiving stolen property of a value of less than $100.[1] Joe Williamson was

---

[1]Criminal Code § 26-1806 (a). "A person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or

convicted for such offense on February 26, 1974 in the Superior Court of Toombs County and sentenced to serve twelve months in the public works camp. Jimmy Peters was jointly indicted with Williamson, but as to Peters, who testified for the state, an entry of nolle prosequi was made. Williamson appeals his conviction to this court, enumerating as error that the trial court "erred in not directing a verdict of not guilty on the grounds that the verdict fails to conform to the evidence."

Williamson and Peters while riding in the latter's car were stopped by a state trooper on a Saturday night after midnight, or early Sunday morning. The trooper searched Peters, who was the driver, and found a .25 automatic in his right front pocket. The trooper then called two deputy sheriffs, who also were patrolling, to come to the scene, and after their arrival he had Williamson get out of the car. The trooper then searched underneath the seat of the car where Williamson had sat, and found a .38 Charter Arms pistol on the car floor, also a beer can and "beer was spilt all over the floor." The trooper testified that as he had followed them he could see the passenger "on the right bent over. It looked like he was messing under the front seat." The trooper testified that he had never seen the pistol in possession of Williamson, in his hands, or any place on his person. The two deputies each testified that they never saw the pistol in the hands of Joe Williamson. Peters testified that he owned the car, that he was driving, that he and Williamson were on their way from Reggie's Drive-In to Vidalia to get something to eat, that "I don't know who, where the pistol come from. The first time I saw the pistol was when the patrolman got it," that he did not put the pistol there. He further testified that after he had been signaled by the trooper, Williamson bent over, and said he was pouring beer out. On cross examination Peters admitted that he generally had not locked his car, except when he was at work, and that anyone could open his car door at any time other than when he was working.

---

should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property."

He further testified that he had never seen the pistol before with Joe Williamson. The owner of the pistol testified that it had been stolen, together with five other guns from his house trailer two miles out of Lyons on the Friday night before the arrest of Peters and Williamson on Sunday morning.

Williamson's motion for a directed verdict was denied. Thereafter he testified that he had never seen the pistol before the trooper picked it up out of the car, that he had no idea how the pistol got in the car, and that the pistol had never been in his possession. He said he had been at Reggie's Drive-In all night, that Peters had been there a couple of hours, that he got in Peters' car to go with him over to Vidalia to get some breakfast at a restaurant, that when he went to get in the automobile it was not locked, he just opened the door and got in.

All of the evidence implicating Williamson was circumstantial. With this the learned trial judge, the district attorney and Williamson's counsel were in agreement. But the jury found him guilty thereon, and Williamson was sentenced.

We reverse. The evidentiary foundation upon which this conviction was built has two patent faults, either one of which is sufficient to cause the conviction to fall, and together are enough to cause to crumble under the winds and rains of inadequate evidence the conviction built upon such sands. The faults relate to the elements of possession and knowledge.

The fact that the pistol was a stolen weapon and that the accused sat in the automobile seat under which it was found is not alone sufficient to show that he had possession, and is insufficient to authorize a conviction for the offense of theft by knowingly receiving stolen property. *Heard v. State,* 126 Ga. App. 62, 68 (10) (189 SE2d 895).

The evidence, altogether circumstantial, did not negative every reasonable hypothesis save that of the guilt of the accused. See *Moore v. State,* 93 Ga. App. 582 (92 SE2d 313); *Corbin v. State,* 84 Ga. App. 763 (67 SE2d 478); *Taylor v. State,* 111 Ga. App. 690 (143 SE2d 24); *Crane v. State,* 123 Ga. App. 226 (3) (180 SE2d 289). The mere presence of the accused in the automobile in the seat

under which the stolen pistol was found is totally insufficient and furnishes only a bare suspicion of his guilt. *Browner v. State,* 127 Ga. App. 189 (193 SE2d 58). The circumstantial evidence presented by the state to show possession of the weapon by the accused was insufficient as a matter of law to support the verdict. *Morris v. State,* 119 Ga. App. 157 (2), 158 (166 SE2d 382).

In addition to possession, knowledge that goods were stolen is an essential element of the crime of receiving stolen goods. *Johnson v. State,* 122 Ga. App. 769, 770 (178 SE2d 772). Knowledge, of course, may be shown by circumstances which should excite suspicion in the mind of an ordinarily prudent man. *Nichols v. State,* 111 Ga. App. 699 (2) (143 SE2d 41). Accord, *Prather v. State,* 116 Ga. App. 696 (1) (158 SE2d 291); *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430). But, "proof of recent possession alone, while sufficient to authorize an inference of guilt as to the principal thief, is not without proof of circumstances from which scienter may be established, sufficient to support a conviction for possession of property knowing it to have been stolen." *Reidling v. State,* 127 Ga. App. 93, 94 (192 SE2d 531) and citations. In the case sub judice, there was not a scintilla of evidence as to knowledge, and inadequate circumstantial evidence as to possession.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED MARCH 3, 1975 — DECIDED MARCH 19, 1975.

*W. L. Salter, Jr.,* for appellant.
*H. R. Thompson, District Attorney,* for appellee.