## 51355. KENNEDY v. THE STATE.

SUBMITTED SEPTEMBER 30, 1975 — DECIDED
OCTOBER 23, 1975.

*John R. Laseter,* for appellant.
*John T. Strauss, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The appellant's first eight enumerations of error go to the admission by the trial court of certain items of real evidence over objection that insufficient testimony had been introduced connecting such evidence with him. Appellant was arrested with three others who pled guilty to the charges and one of whom testified for the state about the plans for the proposed robbery and implicating the appellant. The items introduced into evidence and here objected to were: ski mask; gloves; pistol; six bullets; tape; peg knife; sawed-off shotguns; and, shotgun shells, hats, gloves and other items found in a bag concealed in the car. Appellant's co-indictee gave considerable testimony about these items and their proposed purpose in effectuating the robbery. " 'Evidence is relevant to show that accused owned, possessed, or had access to, tools, implements, or any articles with which the particular crime was or might have been committed, and that he owned or had in his possession weapons with which the crime was or might have been committed prior to, or after, the commission of the crime.' *Wilson v. State,* 215 Ga. 782 (2) (113 SE2d 447)." *Bennett v. State,* 122 Ga. App. 604, 605 (178 SE2d 300). The argument that this evidence was inadmissible is without merit.

2. Appellant urges that error was committed when his motion for directed verdict was denied. His reliance on *Merino v. State,* 230 Ga. 604, 605 (198 SE2d 311), is misplaced, for that decision notes that "[i]t constitutes reversible error for the trial court to refuse to direct a

verdict of acquittal where *there is absolutely no conflict in the evidence and the verdict of acquittal is demanded as a matter of law.*" (Emphasis supplied.) Here there was a striking conflict between appellant's testimony denying any knowledge of the criminal intentions of the others and that of his co-indictee clearly implicating appellant in the entire conspiracy. A verdict of acquittal was not, under the circumstances, demanded as a matter of law as required under Code Ann. § 37-1802.

3. Appellant's final enumeration of error alleges that the verdict was "contrary to the law and the evidence and decidedly and strongly against the weight of the evidence." Suffice it to say that the record reveals enough evidence, both direct and circumstantial, to support a jury's verdict of guilty of conspiracy to commit armed robbery. "The evidence . . . showed concert of action between the defendant and his co-indictee[s]; that their minds united and concurred in a common intent and purpose to commit an unlawful act; that each assisted the other in accomplishing a common design; and that an unlawful act was committed by them while they were thus acting together, aiding and abetting each other. By reasonable deductions from their acts and conduct, the jury was authorized to infer that the defendant and his co-indictee[s], as joint conspirators, corruptly agreed with each other to commit the unlawful act of which they were charged by the grand jury." *Chappell v. State,* 209 Ga. 701, 704 (75 SE2d 417). However appellant was also found guilty of possession of sawed-off shotguns, a felony under the Georgia Firearms and Weapons Act (Code Ann. §§ 26-9911 (a), 26-9912 (a)). Appellant was arrested, along with his companions, after the car in which he was riding gave chase to the police. A search of the car revealed the weapons under the car's front seat, and there was testimony that some portion of at least one of the weapons protruded from under the seat and was in open view. Neither the car nor the guns were owned by appellant and he denied all knowledge of their presence in the car. Based upon this appellant argues that he was not in "possession" of the weapons and relies upon our holding in *Williamson v. State,* 134 Ga. App. 329, 331 (214 SE2d 415): "[T]he mere presence of the accused in the automobile in the seat

under which the stolen pistol was found is totally insufficient and furnishes only a bare suspicion of his guilt." What appellant's argument fails to take into account is that the accused in *Williamson* was on trial only for possession of stolen goods, whereas in the case sub judice *both* conspiracy to commit armed robbery and possession of sawed-off shotguns are charged. Where the only crime charged is one of possession a showing that others have equal opportunity to control the banned item or have equal access to its hiding place may negative a finding of guilt; such was the case in *Williamson*. But here there was ample evidence to prove appellant was guilty of conspiracy to commit armed robbery and that he was arrested with his co-conspirators in an automobile containing sawed-off shotguns. The appellant's co-indictee testified that these weapons had been placed in the car in order to effectuate the planned robbery. "Conspirators are responsible for the acts of each other in carrying out the common purpose or design, although such acts may constitute another criminal offense. Consequently, where two or more persons enter into a conspiracy to commit burglary, and in attempting to carry out such felonious design either of them has in his possession burglary tools, such possession is the possession of all, and each is guilty of a violation of the Code . . . , prohibiting and punishing the possession of such tools." *Kryder v. State,* 57 Ga. App. 200, 202 (3) (194 SE 890). Here the conspiracy to commit armed robbery was proved and there was ample evidence that appellant's co-conspirators considered the shotguns to be in their possession; thus appellant is likewise guilty of possession of illegal weapons regardless of whether or not he owned them or placed them in the car. Where a conspiracy to commit armed robbery is first proved, all co-conspirators are guilty of possession of banned weapons where they are found to be in the possession of any other co-conspirator. There is no need for the weapons to be within the actual physcial possession of the appellant or his co-conspirators; if found in the immediate presence of an accused such that he has the power and intention at a given time to exercise dominion or control over them, a jury is authorized to find him to be in "constructive" possession of it. *Wisdom v.*

*State,* 234 Ga. 650 (217 SE2d 244); *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872). The weapons were discovered under the car seat and protruding out somewhat into the rear floor of the car where appellant sat; they were within the conspirators' immediate presence and they had the power to control them if they wished. The proof of conspiracy to commit armed robbery shows an intention to exercise dominion or control over them by appellant or his co-conspirators. The jury was authorized therefore to find appellant to be in "constructive" possession of the illegal weapons. In short, the proof of the conspiracy to commit armed robbery is fatal to appellant's argument that there was no evidence to support his conviction for possession of sawed-off shotguns.

*Judgment affirmed. Evans and Stolz, JJ., concur.*