## 51518. LACKEY et al. v. THE STATE.

WEBB, Judge.

The dispatcher for the Chatsworth police department received a telephone call that two boys had attempted to sell marijuana in Tennessee and were proceeding into Georgia on Highway 411 with marijuana on the front floorboard of the described car. The dispatcher notified Officers Cochran and Hansord who proceeded north on the highway and spotted the car with its two male occupants. As the officers were turning around the car sped away and a chase within the city limits of Chatsworth ensued. The car wrecked on a turn, and defendants Wallace Lackey and Ricky McDaniel were apprehended as they attempted to emerge. A stalk of marijuana was observed on the right front floorboard, and defendants appeal from their conviction for possessing marijuana.

1. Lackey contends that since he was only a passenger in the car which he did not own, the stalk of marijuana was not within his constructive possession. Assuming this contention to be correct,[1] there was

---

[1]Compare *Williamson v. State,* 134 Ga. App. 329 (214 SE2d 415), *Browner v. State,* 127 Ga. App. 189 (193 SE2d

evidence that it was in his actual possession. Lackey's testimony was that he reached into the back seat, opened a suitcase to get some shirts out, saw the marijuana in the suitcase, took it out, brought it into the front seat and pulled it between the two bucket seats. Lackey admitted actual possession—the thrust of his position at trial was that his possession was innocent because he had no knowledge of the marijuana until he opened the suitcase. The jury resolved this issue against him, and we will not disturb the verdict.

2. McDaniel urges that the state placed his character in issue when he had not chosen to do so. The matter complained of is reference to convictions for speeding during the chase. However, McDaniel had earlier injected this matter into the case during cross examination of Officer Hansord.

3. There was no error in overruling the motion to suppress evidence and in allowing the introduction of the marijuana. It was on the floor in plain view of the arresting officers. Moreover, the marijuana was not seized by them but remained in the wrecked car until its contents were inventoried by Officer Sanford after its impoundment. *Lee v. State,* 129 Ga. App. 82 (198 SE2d 720); *Denson v. State,* 128 Ga. App. 456 (197 SE2d 156).

4. The guilty verdicts were authorized by the evidence, and remaining enumerations are without merit.

*Judgments affirmed. Deen, P. J., and Quillian, J., concur.*

Submitted January 14, 1976 — Decided January 23, 1976.

*J. W. Yarborough,* for appellants.

*Samuel J. Brantley, District Attorney, Dean B. Donehoo, Assistant District Attorney,* for appellee.

58), and *B. N. M. v. State of Ga.,* 131 Ga. App. 353 (206 SE2d 112) with *Neal v. State,* 130 Ga. App. 708 (204 SE2d 451) and *Brown v. State,* 125 Ga. App. 300 (187 SE2d 301).