54082. HELMLY v. THE STATE.

ARGUED JUNE 7, 1977 — DECIDED JUNE 15, 1977.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.

DEEN, Presiding Judge.

1. The state offered the testimony of the police officer who administered the chemical analysis of the defendant's breath; this witness produced a valid certificate issued to him by the Georgia Bureau of Investigation, authorizing him to perform breath analyses "utilizing Photo-Electric Intoximeter, Model 300 or 400 only." This witness testified as to his course of study, including instruction in the "proper use of intoximeter testing equipment," leading to certification in the use of "State furnished intoximeter equipment to analyze specimens of breath to determine blood alcohol." This witness testified that he analyzed the defendant's breath following "the procedure set out by the Georgia Department of Public Safety Crime Lab with respect to this test." When this witness was asked the results of this analysis the appellant objected on the ground that certification and training had not been properly proven; this objection was overruled. The witness testified the appellant's breath test indicated 0.15 percent.

The evidence amply demonstrated the witness' certification and training. "Chemical analysis of the person's. . ., breath, . . . to be considered valid under the provisions of this section shall have been performed according to methods approved by the State Crime Laboratory and by an individual possessing a valid permit issued by the State Crime Laboratory for this purpose." Code Ann. § 68A-902.1 (a) (1). If the appellant had objections to the manner in which the test may have been conducted rather than to the qualifications of the analyst he should have raised them. The objection was properly overruled.

2. The result of the breath test was correctly allowed into evidence (Code Ann. § 68A-902.1 (a)), and gave rise to a presumption of intoxication. Code Ann. § 68A-902.1 (b) (3). The evidence supports the verdict.

*Judgment affirmed. Webb and Marshall, JJ., concur.*