## 55333. DOUGLAS v. THE STATE.

BANKE, Judge.

The appellant, Don L. Douglas, was convicted of driving under the influence of intoxicating liquors. He appeals the denial of his motion for new trial and alleges other errors from trial.

1. The verdict returned by the jury was amply

supported by the evidence, and the trial judge did not err in overruling appellant's motion for new trial on general grounds.

2. The appellant contends that it was error to overrule his general and special demurrers to the indictment. In response to the appellant's special demurrer, the trial judge required the state to describe the vehicle appellant was driving when he was arrested. The judge also indicated that he was inclined to grant appellant's general demurrer seeking severance of the charge of possession of marijuana, less than one ounce from the present charge even though he did not rule on the motion at the hearing. The state subsequently severed the two charges voluntarily. The indictment as modified was sufficiently specific (see *McKisic v. State,* 238 Ga. 644 (1) (234 SE2d 908) (1977)), and we find no merit in appellant's remaining contentions under this enumeration.

3. The appellant argues that the trial judge erred in overruling his pre-trial motion to suppress the marijuana as being the product of an illegal search and seizure. The arresting officer testified that he observed the appellant's car cross over the center line twice before he stopped him. At that point, he determined that the appellant appeared intoxicated and obtained his consent for a balloon test. The positive balloon test confirmed the existence of probable cause to arrest the appellant for driving under the influence of intoxicating liquors. The marijuana was found later, pursuant to a routine inventory search, in a glass jar in plain view on the front left floor board. See Harris v. United States, 390 U. S. 234 (88 SC 992; 19 LE2d 1067) (1968). See generally South Dakota v. Opperman, 428 U. S. 364 (96 SC 3092; 49 LE2d 1000) (1976). Thus appellant's motion to suppress was properly denied.

It should also be noted that because the charges were severed, the marijuana was not introduced at the appellant's trial for driving under the influence.

4. The appellant objected to the admission into evidence of a checklist filled out by a police officer in administering a breath (intoximeter) test to him on the grounds that it was hearsay and not relevant. The trial judge correctly refused to rule the checklist inadmissible

for the reasons given. Furthermore, the officer testified as to his training and certification for giving this test, to the process by which alcohol is measured, to the procedures he followed in administering the test, and to the results obtained. Under these circumstances, even if we assume arguendo that admission of the checklist was error, it was merely cumulative of the officer's oral testimony and does not require reversal. *Williams v. State,* 135 Ga. App. 919 (1) (219 SE2d 632) (1975).

5. The evidence at trial showed that the arresting police officer had been employed by the City of Alma for less than one year at the time of appellant's arrest. For this reason, the judge was not required to charge the principles embodied in Code Ann. § 92A-2109 relating to training requirements for police officers.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 2, 1978 — DECIDED FEBRUARY 24, 1978.

*J. Laddie Boatright,* for appellant.
*Dewey Hayes, District Attorney, C. Deen Strickland, Assistant District Attorney,* for appellee.

