## 55287. KELLY v. THE STATE.

BANKE, Judge.

The appellant was tried twice on an indictment for selling heroin in violation of the Controlled Substances Act. The first trial was declared a mistrial over his objection after the jury announced its inability to reach a verdict. The second trial resulted in this appeal.

1. The appellant enumerates as error the denial of his plea of former jeopardy filed upon the call of the case for the second trial. "A retrial after a mistrial caused by the failure of the jury to reach a verdict does not constitute double jeopardy under the doctrine of 'manifest necessity' as enunciated in United States v. Perez, 22 U. S. (9 Wheat.) 579 (1824) . . . Of course, the basic question posed by appellant is whether the circumstances under which the trial court declared the mistrial constituted manifest necessity." *Phillips v. State,* 238 Ga. 632, 633 (235 SE2d 12) (1977).

The jury began its deliberations on the morning of the second day of the trial. After two and a half hours, it returned, and the court and the foreman engaged in the following exchange. Foreman: ". . . Your Honor, we are, I guess a hung jury. We have taken several votes and we

have ended up with a vote that nobody can agree on. We are eight not guilty. . ." Court: "I don't want to know how you stand, that is not that important." Foreman: "We feel that we will be unable to make a decision in this case." The court thereupon gave the jury the "Allen" or "dynamite" charge and sent them back to deliberate further. Approximately two and a half hours later they returned again, still deadlocked, and the mistrial was declared. Under these circumstances, we hold that it was within the province of the trial court to determine that the jury was unable to reach a verdict and, therefore to declare a mistrial. See *Phillips v. State,* supra; *Hooks v. State,* 138 Ga. App. 539 (226 SE2d 765) (1976); *Van Scoik v. State,* 139 Ga. App. 293 (228 SE2d 229) (1976).

2. The appellant enumerates as error the denial of his motion to suppress the heroin as evidence, contending that the chain of custody was too long to be reliable. This enumeration is also without merit. Each link in the chain of custody was established by testimony. Furthermore, a motion to suppress may properly be directed only to the issue of whether evidence has been illegally obtained or seized, not to the issue of chain of custody. See Code Ann. § 27-313.

3. One of the witnesses who testified to establish the chain of custody was the district attorney, who had himself kept the heroin between trials. The appellant moved for a mistrial after the following exchange took place on cross examination. "Q. And you are now persecuting Mr. Kelly instead of prosecuting him, aren't you? A. No, sir, I am prosecuting him and I'll tell you why if you like. . . Q. Why are you prosecuting him? A. Because he is continuing to sell heroin in Hyde Park and continued to sell heroin up until last week. . ." The latter statement was in direct response to defense counsel's question. Furthermore, no motion for mistrial was made until the conclusion of the examination of the next witness. Under these circumstances, it was not error to overrule the motion. Accord, *Culpepper v. State,* 132 Ga. App. 733 (5) (209 SE2d 18) (1974); *Wilhite v. Mays,* 140 Ga. App. 816 (4) (232 SE2d 141) (1976).

4. The appellant's wife testified on his behalf as an alibi witness; and, during cross examination, it was

brought out that she had not testified either at the committal hearing or at the previous trial. The defense objected to the question concerning her failure to testify at the committal hearing on the ground that the question tended to characterize the issue at that hearing as one of guilt or innocence rather than merely probable cause. It was not error to overrule the objection.

5. The remaining enumerations of error have been abandoned due to failure to provide argument or authority in support thereof.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 1, 1978 — DECIDED APRIL 11, 1978 — REHEARING DENIED APRIL 28, 1978.

*John D. Watkins,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.

