## 55595. THE STATE v. McNUTT.

McMurray, Judge.

This case involves an accusation of an offense of misdemeanor in that the defendant did "commit an act of public indecency . . . in a public place, . . . Climax Book Store," in making a lewd exposure of his sexual organs. The defendant moved to quash the accusation contending he had "leased" the facilities as a private theatre to review films which had been leased for his own private viewing, the said theatre having been closed to the public and thus did not constitute a public place. He contends the officer, presumably who had arrested him, had invaded his privacy and had conducted unlawful eavesdropping and surveillance in violation of the Georgia law, the Constitution of the State of Georgia and the Fourth Amendment of the United States Constitution.

A hearing was held thereon and the officer who was the essential witness who allegedly had been subpoenaed, was not present. All parties involved, the trial court, counsel for defendant and the state, seemingly have treated the matter as one to suppress the evidence. When the subpoenaed officer witness failed to appear, the court orally ordered the case dismissed; but then apparently issued only a written order suppressing the evidence, that is, "the same is hereby *grated.*" (Emphasis supplied.) It is quite apparent the trial court meant the motion has been "Granted." The state appeals. *Held:*

Treating the motion as one to suppress the evidence as the court has done in this case under Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571), the burden of proving that the "search and seizure were lawful shall be on the State." See also *State v. Mabrey,* 140 Ga. App. 577, 579 (231 SE2d 461); *Bland v. State,* 141 Ga. App. 858 (234 SE2d 692). The record and transcript fails to disclose whether the state made a motion for continuance upon discovery of the absence of the subpoenaed state's witness.

Neither does the record and transcript disclose that the state's witness was properly subpoenaed. Only the assistant solicitor's statements, "I understand he was subpoenaed, . . . I would rather, . . . have the officer attached . . . [m]y understanding is that he did receive the subpoena" appear in the record and transcript. The state having failed to produce any evidence at this hearing, the trial court did not err in granting the motion to suppress whether or not the sufficiency of the motion made complied with the law and amounted to a legal motion to suppress same.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED APRIL 5, 1978 — DECIDED JUNE 22, 1978.

*Hinson McAuliffe, Solicitor, Richard E. Stark, Assistant Solicitor,* for appellant.

*Wehunt & Eason, William A. Wehunt, Richard B. Eason, Jr.,* for appellee.