## 60103. THE STATE v. ROSS.

CARLEY, Judge.

Appellee was indicted for two counts of violating the Georgia Controlled Substances Act. He filed a motion to suppress, attacking the affidavit upon which the warrant to search his house had been issued. Appellee also filed a Brady motion for disclosure of evidence favorable to his defense. A hearing on the motions was held on March 3, 1980. Both motions were granted. The state appeals the grant of appellee's motion to suppress.

It is obvious from a reading of the transcript that the trial judge failed to confine the scope of the hearing to the issues raised by appellee's Brady motion and motion to suppress. "A pre-trial Brady motion requires the state to make available for defendant's inspection any material of an exculpatory nature." *Burnett v. State,*

240 Ga. 681, 685 (242 SE2d 79) (1978). A trial court's authority and responsibility when a Brady motion is filed extends only to insuring that its requirements are complied with by the state. Cf. *Fleming v. State,* 236 Ga. 434, 438 (224 SE2d 15) (1976). Whereas a Brady motion seeks the production of evidence exculpatory to the criminal defendant, "a motion to suppress may properly be directed only to the issue of whether evidence has been illegally obtained or seized." *Kelly v. State,* 145 Ga. App. 780, 781 (2) (245 SE2d 20) (1978). While the transcript in the instant case reveals that the state may have been in possession of evidence of an exculpatory nature, the proper procedure for the trial judge to follow was to make that evidence available to appellee and then hear evidence on the motion to suppress so that he could determine if the affidavit supporting the warrant established probable cause for the search. However, instead of merely complying with the mandate of Brady that exculpatory evidence be made available to appellee for his defense, the trial court determined sua sponte that the exculpatory evidence was such as to exonerate appellee from criminal liability and then granted the motion to suppress without hearing any evidence as to whether the search and seizure was or was not lawful. The effect of turning the motion on the Brady motion into a quasi trial on the merits was to deny the state a hearing on the motion to suppress. "[Code Ann. § 27-313] provides that, after a motion to suppress [has] been filed, '(t)he trial judge *shall* receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion . . .' . . . Failure to hold this mandatory hearing was error . . ." *Gray v. State,* 145 Ga. App. 293 (1) (243 SE2d 687) (1978). Our analysis of the transcript of the hearing does not support appellee's contention that this is a case in which the state failed to produce any evidence in support of the validity of the search and seizure. Compare *State v. McNutt,* 146 Ga. App. 369 (246 SE2d 402) (1978). Rather, we find that the state was effectively denied the opportunity to meet its burden of proof on the motion to suppress. Accordingly, the grant of the motion must be reversed and the trial court must hold a proper hearing on the validity of the search and seizure. *Gray v. State,* 145 Ga. App. 293 (1), supra.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 9, 1980.

*G. Larry Bonner, Assistant District Attorney,* for appellant. *L. Valdi Cooper, Stephen E. Curry,* for appellee.