## 69461. PIERCE v. THE STATE.
### (327 SE2d 531)

Carley, Judge.

Appellant appeals his conviction for driving under the influence.

1. Prior to trial, appellant filed a "Motion In Limine and Motion To Suppress Evidence." The motions contested the admissibility of the results of a chemical test of appellant's breath. A hearing was conducted on the motions, and appellant urged the exclusion of the evidence on the ground that, contrary to the mandate of OCGA § 40-6-392 (a) (1), the rules and regulations concerning chemical tests have never been promulgated by the Georgia Bureau of Investigation (GBI). The trial court refused to exclude the evidence on this ground and appellant enumerates this ruling as error.

In *State v. Holton,* 173 Ga. App. 241 (326 SE2d 235) (1984), this court held that promulgation of the rules and regulations by the Department of Public Safety constituted substantial compliance with the statutory requirements of OCGA § 40-6-392 (a) (1). Accordingly, the ruling of the trial court in the instant case was not erroneous. "We nevertheless encourage the GBI through its Division of Forensic Sciences to proceed with all deliberate speed to promulgate, and update, the implied consent rules in *full* compliance with the . . . statutes . . . ." (Emphasis in original.) *State v. Holton,* supra at 246.

2. At the pre-trial hearing, the State offered no evidence to show that, at the time of appellant's arrest, he had been informed of his right to an additional test. At the conclusion of the hearing, appellant urged that the State's failure of proof in this regard required that the test results be excluded from admission into evidence at trial. The trial court refused to make a final ruling based upon the State's failure of proof at the pre-trial hearing. Instead, the trial court reserved its decision and held that if the State did not produce evidence "at the trial of the case" that appellant had been properly informed of his rights, the test results would then be ruled inadmissible. On appeal, appellant asserts that the trial court erred by failing to rule that, because of the State's failure of proof at the pre-trial hearing, the evidence would not be admissible at the subsequent trial.

In *State v. Johnston,* 249 Ga. 413 (1) (291 SE2d 543) (1982), the Supreme Court held that a motion to suppress " 'furnishes a proce-

dural device for the protection of constitutional guarant[e]es against unreasonable search and seizure *only.*' [Cit.]" (Emphasis supplied.) Allegations of "non-compliance with [OCGA § 40-6-392] or regulations of the Department of Public Safety do not involve [such] 'constitutional guarant[e]es . . .' [Cit.] Thus, a motion to suppress is *not* a proper procedural device to deal with such allegations." (Emphasis supplied.) *State v. Johnston,* supra at 414. Accordingly, it was only those portions of appellant's pre-trial motion which sought exclusion of the test results on constitutional grounds that were subject to the procedural rules governing a motion to suppress, such as the rule that the contested evidence must be suppressed if the State does not meet its burden of proof at the pre-trial hearing. See generally *State v. McNutt,* 146 Ga. App. 369 (246 SE2d 402) (1978).

Under *State v. Johnston,* supra, the proper procedural device by which to obtain a pre-trial ruling on the admissibility of evidence based upon alleged violations of OCGA § 40-6-392 is a motion in limine. Unlike a motion to suppress, the mere filing of a motion in limine does not mandate that the trial court make a pre-trial ruling. "The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. [Cits.]" *State v. Johnston,* supra at 415. Thus, appellant had no right to insist upon a pre-trial ruling on his OCGA § 40-6-392 allegations, as against the trial court's "absolute right" to defer its ruling on such allegations until the actual trial.

*State v. Johnston* does recognize that a trial court may elect to rule on a motion in limine prior to trial. As demonstrated by Division 1, the trial court in the instant case did hear and rule on certain allegations of inadmissibility which were based upon OCGA § 40-6-392, which allegations were properly considered only in the context of appellant's motion in limine. However, we do not construe *State v. Johnston* as authority for holding that a trial court's decision to make a pre-trial ruling as to certain grounds raised by a motion in limine constitutes a waiver of its otherwise "absolute right" to defer until trial its ruling as to other grounds raised by the motion. In *Johnston,* supra, the trial court had elected to make a pre-trial ruling as to *all* allegations of inadmissibility which had been raised. It was only because this election had been made that the State's subsequent failure to lay the full foundation for the admissibility of the evidence resulted in the pre-trial exclusion of the test results. *State v. Johnston,* supra at 415. The instant case presents the reverse situation. The trial court elected *not* to make a ruling until trial on appellant's allegation that, at the time of his arrest, he had not been informed of his right to an additional test. The trial court having made this election, there was no requirement upon the State at the pre-trial hearing to address this element of the "foundation for the admissibility of the evidence

. . . ." *State v. Johnston*, supra at 415.

There is no assertion that the State did not demonstrate, during the course of appellant's actual trial, that there was compliance with OCGA § 40-6-392. Appellant was not entitled to have that compliance demonstrated in its totality before trial. Appellant's second enumeration of error is without merit.

3. Appellant further contends that, as to the OCGA § 40-6-392 issues that were ruled upon before trial, he was erroneously held to have the burden of proof. Appellant correctly asserts that it is the State that has the burden of laying the foundation for the admission of the test results, regardless of whether the trial court elected to rule on appellant's objections before or at trial. *State v. Chumley*, 164 Ga. App. 828, 829 (3) (299 SE2d 564) (1982). "The results of a breath test are not admissible over objection unless a proper foundation is laid. [Cits.]" *State v. Johnston*, supra at 415.

However, the transcript demonstrates that at the outset of the pre-trial hearing in the instant case, the State clearly accepted the initial burden of laying the evidentiary foundation by calling the technician who had operated the machine at the time that appellant's breath was tested. The technician gave detailed testimony, both as to his qualifications and the operation of the machine used to analyze appellant's breath. This machine was identified by the technicians as being the "Intox 3000." A copy of the technician's valid certification card authorizing him to conduct breath analyses using the "Intoximeter Breathanalyzer Model 3000" was introduced into evidence. It was only *after* this evidence had been produced by the State that the trial court indicated that appellant had a burden to show that the test as conducted was not valid and that the results thereof were inadmissible. It is clear that in so doing, the trial court was merely noting that the State had met its initial burden of demonstrating the validity of the test and that the burden of coming forward with some evidence to the contrary had shifted to appellant. See generally *In re V. T.*, 168 Ga. App. 472, 473 (309 SE2d 629) (1983). The trial court was correct in its determination that the State had met its initial burden of producing evidence sufficient to authorize a finding that the breath analysis had been conducted in a valid manner. See generally *Helmly v. State*, 142 Ga. App. 577 (236 SE2d 540) (1977); *Higginbotham v. State*, 170 Ga. App. 80 (316 SE2d 181) (1984); *Clarke v. State*, 170 Ga. App. 852 (319 SE2d 16) (1984). The burden of coming forward with evidence to counter the State's foundation for the admission of the test results was not erroneously placed on appellant.

4. Appellant enumerates the overruling of his "best evidence" objection to the admission of a copy of the technician's certificate. This argument was rejected in *Thornberry v. State*, 146 Ga. App. 827, 828 (2) (247 SE2d 495) (1978). See also *Clarke v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 26, 1985.

*Robert F. Webb*, for appellant.
*Ralph Bowden*, Solicitor, *Nancy H. Jackson*, Assistant Solicitor, for appellee.