## 75357. THE STATE v. STOKES.
### (365 SE2d 477)

POPE, Judge.

Appellee Bernard Anthony Stokes was indicted on a charge of possession of a firearm by a convicted felon. The State brings this appeal from the lower court's grant of appellee's motion to suppress evidence.

Lake City Police Sergeant Ratteree testified on behalf of the State; Lake City Police Officer Maslanka testified on behalf of appellee. Distilled to its essence, this testimony showed that at approximately 11:30 p.m. on July 23, 1986 Sgt. Ratteree was off-duty and headed home. He observed appellee make an illegal u-turn on a major thoroughfare, crossing four lanes of traffic. Sgt. Ratteree radioed Officer Maslanka, who was on-duty, and advised him of the situation. Appellee continued to a retail establishment, parked his car in the parking lot, and headed toward a nearby soft drink machine. Officer Maslanka then arrived, approached appellee and requested appellee's driver's license and proof of insurance. The license was produced, but appellee stated that he had recently purchased the car and the previous owner was allowing him to drive on his insurance. Appellee was placed in the back seat of Maslanka's patrol car for further questioning (he was not under arrest at this time) when Sgt. Ratteree arrived at the scene. Ratteree observed in plain view the subject firearm, a .22 caliber rifle, in the passenger area of the front seat of appellee's car; Maslanka also observed the rifle. Neither officer knew appellee. Appellee was then placed under arrest for the improper u-turn and failure to have insurance on his car. His car was impounded pursuant to police department policy and the rifle seized during the subsequent inventory.

At the close of the hearing on appellee's motion, the lower court made the following observations concerning the evidence presented: "[I]t's a tough case. The discrepancies between the two witnesses' testimonies . . . are astounding and they can't be explained away very well. Number one, location of the weapon. Sergeant Ratteree says it was on the front seat along with a number of rounds of ammunition. Patrolman Maslanka says it was in the floorboard and makes no mention of ammunition. The third source of any evidence to the Court is the State's Exhibit One which says, 'While inventorying the auto, a twenty-two caliber semi-automatic rifle with the stock cut down to a pistol grip loaded with eleven rounds of live ammunition was found on the right side of the car in front of the front seat.' The report itself

doesn't mention anything being observed concerning the weapon. Sergeant Ratteree is very certain in his testimony that Patrolman Maslanka called him over. Patrolman Maslanka says he didn't even know where Ratteree was. Sergeant Ratteree says that Patrolman Maslanka told him about the gun being in the automobile. . . . Patrolman Maslanka says that he didn't see the gun at first and only knew it was there as a result of Sergeant Ratteree calling his attention to the fact that the gun was there. So who found the weapon is in total dispute between the two witnesses.

"Where Stokes was — total dispute. Sergeant Ratteree says that Stokes and Patrolman Maslanka were outside the vehicle, never mentions Stokes being inside the patrol car. . . . Patrolman Maslanka says that Mr. Stokes was inside the vehicle.

"I'm going to sustain the motion to suppress based on just the absolute discrepancies in the testimony that I don't believe that . . . it's evidence that should be used in a case with the discrepancies that exist." The lower court found the search of appellee's car was "illegal, without probable cause, and that the firearm was not in plain view." We find this ruling patently erroneous.

Our review of the record discloses neither the existence nor severity of some of the "discrepancies" noted by the lower court. However, assuming, for the sake of argument, the accuracy and materiality of the lower court's observations, we find no basis for upholding the ruling made below. The issue for resolution at a suppression hearing is the legality vel non of the subject search and seizure. OCGA § 17-5-30; see *Kelly v. State*, 145 Ga. App. 780 (2) (245 SE2d 20) (1978). "The credibility of [witnesses] is for the trial judge's determination. His judgment will not be disturbed by a reviewing court if there is any evidence to support it. Therefore, where there is a conflict in the evidence on the motion to suppress, the ruling of the trial [judge] will be upheld where there is any evidence to authorize a finding in support of his order." (Citations and punctuation omitted.) *Brisendine v. State*, 130 Ga. App. 249, 250 (203 SE2d 308) (1973); see *Jacobs v. State*, 71 Ga. App. 808 (1) (32 SE2d 430) (1944).

The trial court obviously had serious doubts as to the credibility of both witnesses in this case. Nevertheless, their testimony stands as unrefuted and establishes a prima facie showing of the legality of the search and seizure in this case. See, e.g., *Douglas v. State*, 145 Ga. App. 42 (3) (243 SE2d 298) (1978); *Highland v. State*, 144 Ga. App. 594 (241 SE2d 477) (1978); *Lackey v. State*, 137 Ga. App. 358 (3) (223 SE2d 755) (1976). " 'Direct and positive testimony . . . which is given by an unimpeached witness as to the existence of facts apparently within his own knowledge, which is not in itself incredible, impossible, or inherently improbable, and which is not contradicted directly or indirectly by proof of facts or circumstances that could be taken as

incompatible with such testimony, can not be arbitrarily rejected by a . . . trier of the facts upon the mere surmise that it perhaps might not be in accord with the truth.' " *Thomas v. Lockwood*, 198 Ga. 437, 446 (31 SE2d 791) (1944); see Green, Ga. Law of Evidence (2nd ed.) § 82.

We find that the lower court had no right to arbitrarily assume that the witnesses were unworthy of credit, or for any other reason to disregard their testimony. See *Western & A. R. Co. v. Beason*, 112 Ga. 553 (1) (37 SE 863) (1901). Therefore, under the facts in this case, the lower court erred in granting appellee's motion to suppress. See *State v. Gilchrist*, 174 Ga. App. 499 (1) (330 SE2d 430) (1985). See generally *Rutland v. State*, 46 Ga. App. 417 (167 SE 705) (1933).

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 19, 1988 —
REHEARING DENIED FEBRUARY 2, 1988 — 

Robert E. Keller, *District Attorney,* Deborah C. Benefield, *Assistant District Attorney,* for appellant.
Janet G. Scott, *for appellee.*