A93A0585. LYONS v. THE STATE.
(431 SE2d 432)

BIRDSONG, Presiding Judge.

Following a bench trial, Trevon Lyons was convicted of violating OCGA § 40-6-20, "running a red light," and was sentenced to a fine of $20. Lyons' appeal asserts the general grounds.

Lyons and Watts approached S.R. 54 from opposite directions on S.R. 138 when the traffic signal controlling the intersection changed. Both drivers proceeded until Watts suddenly turned left in front of Lyons' car causing a collision. Lyons and Watts were both charged with running a red light.

At trial, the investigating officer testified Lyons told him he approached the intersection with his light yellow and all of a sudden Watts turned left in front of him. Although Watts earlier pleaded nolo contendere to the same charge, he nevertheless testified he could not say what color the light was facing Lyons, but the light facing him turned from green to yellow after he was in the intersection.

Another witness, Jordan, who was headed in the same direction as Lyons, but in a lane to turn left onto S.R. 54, testified he stopped when the left turn light turned yellow. Although he admitted not seeing Lyons' car until after the accident and never testified he saw the light turn red, he gave his "interpretation . . . both of the gentlemen [ran] the red light." Still another witness, Rogers, testified he was in the right lane about one-and-one-half car lengths behind Lyons and

the light was green for him and Lyons was ahead of him.

Finally, Lyons testified that the light was green as he approached it and then turned yellow. More specifically, Lyons testified he was underneath the light when it turned yellow, i.e., it was "still green when I approached it, and when my car got like [indicating] the right hand lane across [S.R.] 54, into that [position], the light turned caution and I still had enough time to go across."

The trial court found, however, that "one of the problems with the defendant's case is that while his witness, Mr. Johnson [sic], testified unequivocally that the light was green when the defendant entered it, the defendant himself said that the light had already turned to an amber color when he entered it, raising an internal conflict between the evidence in the defendant's case. The driver of the other vehicle which was struck has this same day, as indicated by the question of the counsel for the defendant, chosen not to contest the fact that he had run a red light at the time this collision occurred. And the remaining witness in the case has testified that *in his opinion*, based upon his location at the intersection, his observations of the light and of the circumstances, *it's his opinion that both of the drivers had run a red light*. For all of those reasons the court finds that the defendant is guilty." (Emphasis supplied.) *Held*:

OCGA § 40-6-20 (a) requires drivers of vehicles to obey the instructions of traffic-control devices, and OCGA § 40-6-21 (a) (3) requires drivers facing a steady circular red signal to stop. Nevertheless, OCGA § 40-6-21 (a) (2) (A) provides: "Traffic . . . facing a steady CIRCULAR YELLOW or YELLOW ARROW signal is thereby warned that the related green movement is being terminated or that a red indication will be exhibited immediately thereafter when vehicular traffic shall not enter the intersection."

Since there was no direct evidence that Lyons ran a red light, his conviction must be based upon circumstantial evidence. OCGA § 24-1-1 (4). Jordan's *opinion* testimony about the *fact* that Lyons ran a red light, however, is inadmissible. OCGA § 24-9-65. Also, the trial court cannot rely on the pickup driver's plea of nolo contendere as an admission he ran the red light. OCGA § 17-7-95 (c). Thus, his plea was not sufficient to contradict his testimony that the light was yellow when he turned.

Moreover, regardless of any internal conflict between the testimony of Lyons and Rogers, neither testified that the light was red. Instead, both testified the light was green or yellow. Therefore, the conflict found by the trial court has no real significance.

A conviction based upon circumstantial evidence is authorized only when the facts proven are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis except the guilt of the accused. OCGA § 24-4-6. Further, when a reasonable hy-

pothesis appears from the evidence or from the lack of evidence that points to the innocence of the defendant, this court may declare it so as a matter of law. *Wood v. State*, 156 Ga. App. 810, 811-812 (275 SE2d 694).

Here, the proven facts are not consistent with Lyons' guilt, because there is no competent evidence in the record from which one can conclude that Lyons violated OCGA § 40-6-20. See *Hoffer v. State*, 192 Ga. App. 378, 379-381 (384 SE2d 902). Witness Jordan never testified the light in Lyons' direction was red, but did testify he did not see Lyons' car until after the accident.

Thus, the uncontradicted direct evidence from three witnesses was that the traffic light was either yellow or green when Lyons entered the intersection. An unimpeached witness' direct, positive testimony on facts within his knowledge, that is not incredible, impossible, inherently improbable, or not contradicted directly or indirectly by proof of facts or circumstances incompatible with this testimony, cannot be rejected on the surmise the testimony might not be truthful. *State v. Stokes*, 185 Ga. App. 718, 719-720 (365 SE2d 477).

Accordingly, considering the evidence as we must (see *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)), we conclude that the transcript reveals no evidence from which Lyons could have been found guilty within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Wood v. State*, supra. Therefore, his conviction must be reversed.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 10, 1993.

*Thomas E. Jordan, Thomas C. Sinowski, William Y. Barnes III*, for appellant.

*Keith C. Martin, Solicitor, Leigh A. Moore, Assistant Solicitor*, for appellee.