**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 25, 2022**

# In the Court of Appeals of Georgia

A22A0522. THE STATE v. JOHNSON.

MCFADDEN, Presiding Judge.

Devante Johnson was indicted for multiple offenses, including possession of marijuana with intent to distribute and possession of a firearm during the commission of a felony. Johnson filed a motion to suppress evidence seized by police during a traffic stop. After an evidentiary hearing, the trial court granted the motion, finding that the traffic stop was unlawful because the arresting officer did not have articulable suspicion to make the stop and that even if the stop was lawful, the officer did not have probable cause to search the vehicle based on the odor of marijuana alone. The state appeals, challenging the grant of the motion to suppress. Because the trial court erred in finding that the traffic stop was unlawful, we reverse that portion of the trial court's order. We also find that the trial court erred in its alternative finding that the

odor of marijuana alone could not provide probable cause to search the vehicle; but because the trial court failed to make necessary findings as to the credibility of the officer's testimony regarding his detection of that odor, we vacate that portion of the trial court's order and remand the case for the trial court to make appropriate findings.

1. *Facts.*

"When reviewing the grant or denial of a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the trial court's factual findings and judgment. An appellate court also generally must limit its consideration of the disputed facts to those expressly found by the trial court." *Caffee v. State*, 303 Ga. 557 (814 SE2d 386) (2018) (citations and punctuation omitted). So viewed, the record shows that on October 3, 2019, at approximately 3:00 a.m., a police officer was on patrol in Athens, Georgia when he saw Johnson stop the car he was driving a few feet past the stop line at a red traffic signal. When the light turned green, Johnson drove to the next red light where the officer again saw him stop his car a few feet past the stop line. The officer activated the blue lights of his patrol vehicle and pulled over Johnson for failing to stop the car at the stop lines of two consecutive traffic lights.

The officer approached the car and Johnson rolled down the driver's side window. The officer testified that upon approaching the open car window, he smelled the odor of green marijuana and saw Johnson pushing a clear plastic baggie into his pocket. The officer asked Johnson about the baggie and Johnson denied that he had it in his pocket. The officer ordered Johnson to get out of the car and searched the vehicle, finding, among other things, marijuana and a gun.

2. *Traffic stop.*

The state asserts that the trial court erred in granting the motion to suppress based on its finding that the traffic stop was unlawful. We agree.

"[T]he stop of a vehicle is authorized if an officer observes the commission of a traffic offense." *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000) (citations and punctuation omitted). Accord *State v. Zeth*, 320 Ga. App. 140, 141 (739 SE2d 443) (2013). Here, the officer observed Johnson fail to stop his car at the stop lines of two red traffic lights. "OCGA § 40-6-20 (a) requires drivers to obey the instructions of traffic-control devices[.]" *Lyons v. State*, 208 Ga. App. 632, 633 (431 SE2d 432) (1993). That code section provides that "[t]he driver of any vehicle shall obey the instructions of an official traffic-control device" and that "[a] violation of this subsection shall be a misdemeanor[.]" OCGA § 40-6-20 (a). In the next code

3

section, "OCGA § 40-6-21 (a) (3) defines the meaning of traffic signals and instructs that a driver facing a red light 'shall stop at a clearly marked stop line[.]'" *Brogdon v. State*, 299 Ga. App. 547, 553 (3) (683 SE2d 99) (2009). This stop line is the "mark[] at which a driver is supposed to stop." *Scott v. State*, 254 Ga. App. 728, 730 (3) (a) (563 SE2d 554) (2002) (involving OCGA § 40-6-72 (b), which provides that a driver of a vehicle approaching a stop sign "shall stop at a clearly marked stop line"). See also *Williams v. Deal*, 2014 U.S. Dist. LEXIS 114635 *23-24 (III) (A) (1) (S. D. Ga. 2014) (officer lawfully performed a traffic stop after observing vehicle go past white line at a stop sign). Because the officer in this case observed Johnson fail to stop at the marked stop lines of two red traffic lights, "[t]he officer was clearly authorized to stop the vehicle and investigate [these] apparent violation[s] of the traffic laws [requiring drivers to obey traffic signal instructions]. Accordingly, the [traffic] stop was legal and the trial court erred in granting the motion to suppress [on this ground]." *Zeth*, supra at 142 (citations and punctuation omitted). We therefore reverse the portion of the trial court's order finding that the traffic stop was unlawful.

3. *Probable cause to search.*

The state contends that the trial court also erred in granting the motion to suppress based on its alternative finding that even if the stop was lawful, the officer

4

did not have probable cause to search the vehicle. In granting the motion to suppress, the trial court found that the odor of marijuana alone did not authorize the search since there was no additional evidence of recent marijuana usage by or impairment of Johnson. Such a finding was erroneous since the odor of marijuana alone may provide probable cause for a warrantless search of an automobile.

"[T]he automobile exception to the search warrant requirement . . . permits officers to search a vehicle that is being used on the highways if they have probable cause to believe that it contains contraband." *Cromartie v. State*, 348 Ga. App. 563, 568 (2) (824 SE2d 32) (2019). "[A] police officer has probable cause to search when that officer, through training or experience, detects the smell of marijuana." *Caffee*, supra at 562 (2) (b). Here, the officer testified at the suppression hearing that he knows what marijuana smells like from his experience in seizing it on multiple occasions and from a certification course, that he detected the strong odor of marijuana when he approached the open window of Johnson's car, and that he searched the car based on that odor of marijuana. So the trial court could have found, "based on the testimony presented at the suppression hearing, that the officer[] had the training and experience to recognize the smell of marijuana and that, during the course of the stop, the officer[] detected just such an odor emanating from the

5

vehicle[, which] provided probable cause, authorizing the search." *Douglas v. State*, 303 Ga. 178, 182 (2) (811 SE2d 337) (2018) (citation and punctuation omitted). See also *Jones v. State*, 319 Ga. App. 678, 679 (1) (738 SE2d 130) (2013) (under automobile exception to warrant requirement, odor of marijuana emitting from car provided probable cause for warrantless search); *Somesso v. State*, 288 Ga. App. 291, 293 (2) (a) (653 SE2d 855) (2007) (same). Alternatively, "[t]he trial court was not required to accept [the officer's] testimony on these issues, even though it was not contradicted." *Caffee*, supra at 559 (1).

"Generally, our obligation to view the evidentiary record in the light most favorable to the findings and judgment of the trial court requires us to assume that the trial court rejected the credibility of the officer to the extent that the officer's testimony is inconsistent with the court's decision." *State v. Mathis*, 338 Ga. App. 86, 91 (1) (789 SE2d 336) (2016) (footnote omitted). But in this case, the trial court made no findings as to the officer's testimony about his training or experience or detection of the odor of marijuana, and instead premised its decision on the legally erroneous finding that the odor of marijuana alone could not provide probable cause for the search. "We do not know why the trial court said nothing about [these critical issues regarding the officer's testimony], but we do know that it [is] not within the province

6

of [this court] to make [our] own findings [on these matters]." Id. We therefore vacate the portion of the trial court's order finding insufficient probable cause for a search and remand the case with direction that the trial court determine the credibility of the officer's testimony; make findings of fact as to his training, experience, and detection of the odor of marijuana; and then determine whether there was sufficient probable cause to authorize the warrantless search of the vehicle. See *Hughes v. State*, 296 Ga. 744, 746 (1) n. 6 (770 SE2d 636) (2015) ("If the trial court has made express findings of fact, but not with sufficient detail to permit meaningful appellate review, an appellate court may remand for further findings.").

*Judgment reversed in part, vacated in part, and case remanded with direction. Gobeil and Pinson, JJ., concur.*

7